202 P.3d 383 (2009)
STATE of Washington, Respondent,
v.
Domingo Torres RAMOS, Jr., Appellant.
No. 36491-3-II.
Court of Appeals of Washington, Division 2.
March 10, 2009.
John A. Hays, Attorney at Law, Longview, WA, for Appellant.
Carol L. La Verne, Thurston County Prosecutor's Office, Olympia, WA, for Respondent.
HOUGHTON, P.J.
¶ 1 Domingo Torres Ramos appeals his conviction of failure to report to the Thurston County Sheriff's Office as a registered sex offender, arguing that the delegated classification system is unconstitutional. Because he was not classified by any entity other than a sheriff, we agree that there is a violation of separation of powers under these facts. We reverse and remand with instructions to dismiss.[1]

FACTS
¶ 2 In 1993, Ramos was convicted of two counts of sexual exploitation of a minor. The trial court sentenced him to 42 months' incarceration, and he completed his confinement in 1995. At the time of his conviction and at *384 the time of his release, Washington did not require persons convicted of sexual exploitation of a minor to register as sex offenders. As a result, no government entity classified him as a level I, II, or III sex offender after his confinement.
¶ 3 The legislature later added sexual exploitation of a minor as a sex offense to the list of crimes requiring registration under RCW 9A.44.130. According to Detective Daryl Leischner, who is in charge of Thurston County's sex offender registration unit, Ramos knew of these changes and registered in 2001. In 2001, the Thurston County Sheriff's Office classified Ramos as a level II sex offender under RCW 4.24.550(6)(b). According to Leischner, level I offenders pose a relatively low risk of recidivism, level II offenders pose an intermediate risk, and level III offenders pose a high risk. Leischner testified that, although the sheriff's office is directed by statute to assign risk classifications to offenders, the statute "does not give the advice as to what the levels should consist of." Report of Proceedings at 122. Instead, the statute sets forth public notification requirements.
¶ 4 Effective September 1, 2006, the legislature enacted a law requiring level II or III sex offenders to report in person every 90 days to the sheriff of the county where the offender is registered. RCW 9A.44.130(7). On January 8, 2007, Ramos failed to report, as required by this law, to the Thurston County Sheriff. Law enforcement officers later arrested and charged him with violation of sex offender registration. RCW 9A.44.130. Following a bench trial, the court found him guilty of one count of failing to comply with the RCW 9A.44.130(7) reporting requirements. He appeals.

ANALYSIS
¶ 5 Ramos contends that by enacting RCW 4.24.550(6), the legislature improperly delegated authority to classify sex offenders to the county sheriffs. He argues that this improper delegation violates the separation of powers principles.[2]
¶ 6 We review the constitutionality of a statute de novo. State v. Jones, 159 Wash.2d 231, 237, 149 P.3d 636 (2006), cert. denied sub nom., Thomas v. Washington, 549 U.S. 1354, 127 S.Ct. 2066, 167 L.Ed.2d 790 (2007). We presume a statute constitutional with the burden on the challenging party to prove beyond a reasonable doubt its unconstitutionality. State ex rel. Peninsula Neighborhood Ass'n v. Dep't of Transp., 142 Wash.2d 328, 335, 12 P.3d 134 (2000).
¶ 7 A fundamental principle of our constitutional system is that governmental powers are divided among three separate and independent branches: legislative, executive, and judicial. State v. Osloond, 60 Wash.App. 584, 587, 805 P.2d 263 (1991); U.S. Const. arts. I, II, and III (defining legislative, executive, and judicial branches); Wash. Const. arts. II, III, and IV (establishing the legislative department, the executive, and judiciary). Washington's constitution does not contain a formal separation of powers clause, but Washington courts have presumed its vitality throughout our state history from the division of our state government into three separate branches. State v. Blilie, 132 Wash.2d 484, 489, 939 P.2d 691 (1997); Carrick v. Locke, 125 Wash.2d 129, 134-35, 882 P.2d 173 (1994).
¶ 8 When separation of powers challenges are raised involving different branches of state government, only the state constitution is implicated. Carrick, 125 Wash.2d at 135, 882 P.2d 173. But we rely on federal law principles regarding the separation of powers to interpret and apply the state's own separation of powers principles. Blilie, 132 Wash.2d at 489, 939 P.2d 691.
¶ 9 Separation of powers principles are violated when "`the activity of one branch threatens the independence or integrity or invades the prerogatives of another.'" State v. Moreno, 147 Wash.2d 500, 505-06, 58 P.3d 265 (2002) (internal quotation marks *385 omitted) (quoting Carrick, 125 Wash.2d at 135, 882 P.2d 173). This separation ensures "the fundamental functions of each branch remain inviolate." Carrick, 125 Wash.2d at 135, 882 P.2d 173; In the Matter of the Salary of the Juvenile Director, 87 Wash.2d 232, 239-40, 552 P.2d 163 (1976).
¶ 10 Authority to define crimes and set punishments rests firmly with the legislature. State v. Wadsworth, 139 Wash.2d 724, 734, 991 P.2d 80 (2000). Specifically, the legislature is responsible for defining the elements of a crime. State v. Evans, 154 Wash.2d 438, 447 n. 2, 114 P.3d 627 (2005); Wadsworth, 139 Wash.2d at 734, 991 P.2d 80. "[I]t is unconstitutional for the Legislature to abdicate or transfer its legislative function to others." Brower v. State, 137 Wash.2d 44, 54, 969 P.2d 42 (1998).
¶ 11 The Thurston County Sheriff classified Ramos as a level II offender under RCW 4.24.550(6), which provides in part:
Local law enforcement agencies that disseminate information pursuant to this section shall: (a) Review available risk level classifications made by the department of corrections, the department of social and health services, and the indeterminate sentence review board; (b) assign risk level classifications to all offenders about whom information will be disseminated.
As a result of his level II classification, Ramos's conviction arises from his failure to report on January 8, 2007, as required by RCW 9A.44.130(7):
All offenders who are required to register pursuant to this section who have a fixed residence and who are designated as a risk level II or III must report, in person, every ninety days to the sheriff of the county where he or she is registered.... Failure to report, as specified, constitutes a violation of this section and is punishable as provided in subsection (11) of this section.
Subsection 11 provides that a person who has been convicted of a felony sex offense and knowingly fails to register is guilty of a class C felony. RCW 9A.44.130(11)(a).
¶ 12 To convict Ramos, the State had to prove all necessary elements of this crime. Here, the trial court concluded, "The State has proven all elements of the crime of felony violation of sex offender registration beyond a reasonable doubt." Clerk's Papers (CP) at 67. Supporting its conclusion, the trial court found that Ramos "is a registered sex offender who has been classified as a Level II sex offender by the Thurston County Sheriff." CP at 65. Thus, the trial court considered his classification as a Level II sex offender an element of the crime.[3]
¶ 13 Under the current statutes, a local law enforcement agency determines the risk level of an offender already released into the community.[4] This assignment is based on a review of the "classifications made by the department of corrections, the department of social and health services, and the indeterminate sentence review board." RCW 4.24.550(6)(a), (b). Here, however, the Thurston County Sheriff's Office became solely responsible for determining Ramos's sex offender risk level where none of the other entities listed in RCW 4.24.550(6)(a) assessed him.[5]
*386 ¶ 14 Citing State v. Melcher, 33 Wash.App. 357, 655 P.2d 1169 (1982), the State argues that classification of sex offenders under RCW 4.24.550(6) is administrative and not legislative and thus does not implicate separation of powers principles. Melcher argued that RCW 46.61.506(3) improperly delegated legislative authority because the law allowed the state toxicologist to approve methods of chemical analysis for determining breath or blood alcohol content levels and a driver's alcohol content level is one element of the crime of driving under the influence. Melcher, 33 Wash.App. at 359-60, 655 P.2d 1169.
¶ 15 Our Supreme Court, however, found the legislative delegation to be administrative because the statute adequately defined the element of the crime at question (permissible level of blood alcohol content) and properly delegated the duty of establishing measurement procedures for this objective standard to the state toxicologist. Melcher, 33 Wash. App. at 361, 655 P.2d 1169. This is not the case here. The legislature inadequately defined the element of the crime at question (risk of reoffense) and did not provide standards to assist law enforcement agencies in establishing measurement procedures of the risk of reoffense. As a result, the legislature has not made a sufficient administrative delegation in this case.
¶ 16 In the cases where Washington courts have found legislative delegation to the executive branch proper, the legislature provided adequate direction to the executive branch. For example, in Caffall Bros. Forest Prods. v. State, 79 Wash.2d 223, 228, 484 P.2d 912 (1971), our Supreme Court held that RCW 79.01.212 properly delegated legislative authority to the Commissioner of Public Lands to refuse to confirm sales of timber on public lands that were not in the "`best interests' of the state" because the statute contained criteria to guide the commissioner in determining the state's best interests.[6]
¶ 17 Similarly, in State v. Simmons, 152 Wash.2d 450, 458, 98 P.3d 789 (2004), our Supreme Court held that RCW 9.94.070[7] properly delegated legislative authority to the Department of Corrections (DOC) to adopt rules regarding prison misbehavior. Simmons further held that to properly delegate, "the legislature must provide standards to indicate what is to be done and designate the agency to accomplish it" and "procedural safeguards must exist to control arbitrary administrative action and abuse of discretionary power." 152 Wash.2d at 455, 98 P.3d 789.
¶ 18 Although RCW 9.94.070(2) did not define "serious infraction," it directed the DOC to its own rule-making process under RCW 72.09.130. RCW 72.09.130(1), in contrast to the offender risk classification statute at issue here, provides direction to the DOC, in that rules will be adopted by "a system that clearly links an inmate's behavior... with the receipt or denial of earned early release days and other privileges."
¶ 19 Beyond a referral to risk level classifications from other agencies, the sex offender classification statute at issue here does not provide any standards or methodology for making this determination.[8] Instead, RCW *387 4.24.550(6) assigns the task of risk level assignments entirely to a local law enforcement agency.
¶ 20 The proper delegation of defining an element of a crime does not always require the legislature to provide word-for-word definitions; it does, however, require that the legislature provide the other branches adequate direction to a reach a sufficient definition. For example, the legislature may instruct the judiciary to use the common law to supplement statutory definitions. State v. Chavez, 134 Wash.App. 657, 667-68, 142 P.3d 1110 (2006) (finding constitutional delegation of defining the crime of assault when the legislature instructed that the common law must supplement all penal statutes under RCW 9A.04.060). A term that is incurably vague, however, may not be delegated to another branch for definition. State v. Sansone, 127 Wash.App. 630, 642, 643, 111 P.3d 1251 (2005) ("The definition of pornography was not an administrative detail that could be properly delegated to the [community corrections officer].... The fact that one term could be defined so differently indicates the impropriety of delegation.").
¶ 21 Here, the sex offender classification statute does not provide any comparable guidance to a local law enforcement agency. At most, RCW 4.24.550(6) instructs a local law enforcement agency to consider offender classifications made by other agencies; however, these prior classifications are not binding on the law enforcement agency. RCW 4.24.550(10).[9] As noted, RCW 4.24.550 itself provides neither standards nor definitions to guide law enforcement agencies in determining an offender's classification. Moreover, even if we were to assume the nonbinding determinations of other agencies provided sufficient guidance to the law enforcement agency, in Ramos's case, there were no such prior assessments for the Thurston County Sheriff's Office to review. By failing to provide criteria or standards, the legislature has delegated full responsibility for defining offenders' risk levels, an element of a felony, to local law enforcement agencies.
¶ 22 We hold that the legislature improperly delegated the task of classifying Ramos as a sex offender under RCW 4.24.550(6)(b) to the Thurston County Sheriff's Office. The remedy is to reverse with instructions to dismiss his conviction.[10]State v. Dougall, 89 Wash.2d 118, 123, 570 P.2d 135 (1977) (reversing the trial court's denial of the defendant's motion to dismiss criminal charges based on RCW 69.50.201(d) and finding the statute an unconstitutional delegation of legislative authority); State v. Gilroy, 37 Wash.2d 41, 48-49, 221 P.2d 549 (1950) (affirming the trial court's dismissal of charges against Gilroy, finding the statute improperly delegated legislative power).
¶ 23 Reversed and remanded with instructions to dismiss.
We concur: BRIDGEWATER and ARMSTRONG, JJ.
NOTES
[1] Because we reverse and remand, we do not address Ramos's other arguments based on evidentiary error, sufficiency of the evidence, and violation of due process and equal protection rights.
[2] Ramos raises this constitutional argument, as he may, for the first time on appeal. RAP 2.5(a)(3); State v. Kirkman, 159 Wash.2d 918, 926, 155 P.3d 125 (2007); State v. Aguirre, 73 Wash.App. 682, 687, 871 P.2d 616 (1994) (addressing a separation of powers issue raised for the first time on appeal). Thus, we address the issue.
[3] The sex offender reporting statute shows a risk level II (or III) classification is essential to constitute a violation of the reporting requirements of RCW 9A.44.130(7). This section specifies, "All offenders ... who are designated as a risk level II or III must report.... Failure to report... constitutes a violation of this section." (Emphasis added.) Additionally, the charging instrument for Ramos's failure to report mirrors the "risk level II or III" language of the statute.
[4] RCW 4.24.550(6)(b) provides in part: "Local law enforcement agencies that disseminate information pursuant to this section shall ... assign risk level classifications to all offenders about whom information will be disseminated."
[5] We note that in another section purporting to set out standards for the End of Sentence Review Committee (ESRC), the group responsible for setting risk levels to offenders prior to release, the RCW provides definitions to guide the ESRC's determinations of an offender's risk level. RCW 72.09.345(5) ("The committee shall classify as risk level I those sex offenders whose risk assessments indicate a low risk of reoffense within the community at large"; in other words, a low risk offender shall be classified as low risk). We need not address separation of powers concerns with that statute, however, because Ramos never appeared before the ESRC.
[6] The statutory criteria to determine the best interests of the state included evaluating whether the sale involved fraud or collusion (RCW 79.11.175(2)), evaluating whether the offered bid was greater than the value of the land sold (RCW 79.11.175(3)(b)), and determining whether the bidder made payment as required by law (RCW 79.11.175(5)).
[7] RCW 9.94.070 states:

(1) An inmate of a state correctional institution who is serving a sentence for an offense committed on or after August 1, 1995, commits the crime of persistent prison misbehavior if the inmate knowingly commits a serious infraction, that does not constitute a class A or class B felony, after losing all potential earned early release time credit.
(2) "Serious infraction" means misconduct that has been designated as a serious infraction by department of corrections rules adopted under RCW 72.09.130.
(3) "State correctional institution" has the same meaning as in RCW 9.94.049.
(4) The crime of persistent prison misbehavior is a class C felony punishable as provided in RCW 9A.20.021. The sentence imposed for this crime must be served consecutive to any sentence being served at the time the crime is committed.
[8] With regard to Ramos, no other statute provides guidance on the classification of sex offenders under RCW 4.24.550.
[9] RCW 4.24.550(10) states:

When a local law enforcement agency or official classifies an offender differently than the offender is classified by the end of sentence review committee or the department of social and health services at the time of the offender's release from confinement, the law enforcement agency or official shall notify the end of sentence review committee or the department of social and health services and submit its reasons supporting the change in classification. Upon implementation of subsection (5)(a) of this section, notification of the change shall also be sent to the Washington association of sheriffs and police chiefs.
[10] As previously noted, we do not reach risk classification decisions by the ESRC, and we do not address a circumstance in which a local law enforcement agency sets a risk level with the benefit of input from other entities. RCW 4.24.550(6)(a). We hold only that RCW 4.24.550(6)(b), the sole portion of this statute governing Ramos's classification, represents an improper delegation of legislative power.