[No. 38548-1-II.   Division Two.   February 9, 2010.]

THE STATE OF WASHINGTON, *Petitioner*, v. MATHEW C. MEACHAM, *Respondent*.

*H. Steward Menefee, Prosecuting Attorney,* and *Gerald R. Fuller, Megan M. Valentine,* and *Katherine L. Svoboda, Deputies,* for petitioner.

*Wayne D. Hagen, Jr.* (of *Hagen & Associates PS*) for respondent.

¶1 BRIDGEWATER, J. — The trial court granted Mathew Meacham's pretrial motion to dismiss the sexual motivation special allegations against him in connection with underlying charges of first degree burglary. The State sought and we granted discretionary review. We hold that

the trial court lacked authority under former RCW 9.94A.835(3) (2008) to dismiss a special allegation over the State's objection. We vacate and remand.

## FACTS

¶2 This case arose from two burglaries based on when Meacham allegedly entered a woman's garage and stole clothing from her clothes dryer. On both occasions, Meacham took the victim's underwear, bras, socks, and shirts. Officers arrested Meacham at the scene after the second incident.[1]

¶3 The day after his arrest, Meacham received and waived his *Miranda*[2] rights and admitted he had entered the garage to look for female clothing. He admitted he had taken clothing from the dryer, but he denied knowing what he took. Meacham also admitted he had entered the garage about a month earlier. When the investigating officer asked Meacham about the clothes from the earlier incident, Meacham said that some of the underwear was in a bottom dresser drawer in his bedroom. Meacham stated that the drawer contained other undergarments, but they were from prior relationships with women. Meacham stored the other clothes taken earlier in a bag in his closet because he had taken the whole load of laundry.

¶4 With Meacham's written consent, officers transported him to his home to recover the victim's clothing. Meacham led the officers to his bedroom and, between the mattress and box spring, the officers located the woman's underwear that Meacham had taken the night before. Meacham directed the officers to his dresser drawer where he had stored the underwear stolen during the first incident. Out of the 10 pairs of underwear found in the drawer, Meacham immediately identified the victim's underwear.

---

[1] Meacham entered the garage once during the first burglary and twice during the second burglary.

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

¶5 The State charged Meacham with two counts of residential burglary. Each count included a sexual motivation special allegation.

¶6 In September 2008, Meacham filed a motion to dismiss the sexual motivation special allegations under former RCW 9.94A.835(3),[3] CrR 8.3(b), and *Knapstad*.[4] The State argued that sufficient admissible evidence supported the sexual motivation special allegations and that a defendant could not use a pretrial *Knapstad* motion to dismiss an aggravating factor. The trial court denied Meacham's motion.

¶7 After the trial court excluded certain material found in Meacham's bedroom, Meacham renewed his motion to dismiss the special allegations and he again argued for dismissal under former RCW 9.94A.835(3), CrR 8.3(b), and *Knapstad*. A different trial court judge granted Meacham's motion over the State's objection, finding "pursuant to [former] RCW 9.94A.835(3) that there are evidentiary problems which make proving the special allegation doubtful, further, that the only way a fact finder could find the defendant guilty would be through speculation." Clerk's Papers at 43.

¶8 Our court commissioner stayed Meacham's trial and granted the State's discretionary review motion. We address only the trial court's dismissal under former RCW 9.94.835(3) because that formed the basis of the trial court's ruling.

## ANALYSIS

### A. ARGUMENT RAISED FOR THE FIRST TIME ON APPEAL

¶9 The State argues that dismissal is inappropriate under former RCW 9.94A.835(3) because that subsec-

---

[3] The legislature amended RCW 9.94A.835 in 2009, changing the offenses defined under RCW 9.94A.030 to which the special allegation could apply. LAWS OF 2009, ch. 28, § 15. These changes do not affect our analysis.

[4] *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986).

tion was intended to permit plea bargains, not pretrial dismissal of a special allegation. Though the State did not make this argument below, we reach it because the issue impinges on constitutional separation of powers. *State v. Ramos*, 149 Wn. App. 266, 270 n.2, 202 P.3d 383 (2009) (appellant may raise separation of powers for first time on appeal); *State v. David*, 134 Wn. App. 470, 478-79, 141 P.3d 646 (2006) (separation of powers is a constitutional matter), *review denied*, 160 Wn.2d 1012 (2007); *see also State v. Walsh*, 143 Wn.2d 1, 10, 17 P.3d 591 (2001) (Alexander, C.J., concurring) ("Under principles of separation of powers, the charging decision is for the prosecuting attorney."). The prosecuting attorney is an officer in the executive branch of the government having great discretion to charge offenses. *State v. Lewis*, 115 Wn.2d 294, 299, 797 P.2d 1141 (1990) (prosecutors have discretion in filing charges); *see also State v. Korum*, 157 Wn.2d 614, 655, 141 P.3d 13 (2006) (J.M. Johnson, J., concurring) (prosecutor's discretion to file charges is an executive function). And the dismissal of a portion of a prosecution, whether on the sole authority of the prosecutor or on the sole authority of the judiciary, involves a constitutional intersection of powers. *See State v. Starrish*, 86 Wn.2d 200, 205, 544 P.2d 1 (1975) (trial courts do not have "the authority to substitute their judgment for that of the prosecutor"); *State v. Aguirre*, 73 Wn. App. 682, 690 n.7, 871 P.2d 616 (authority of trial court to dismiss a prosecution under former CrR 8.3(b) (1973) is "tempered by underlying separation of powers concerns between prosecutors and the judiciary" (citing *State v. Cantrell*, 111 Wn.2d 385, 388-89, 758 P.2d 1 (1988))), *review denied*, 124 Wn.2d 1028 (1994). It is of no moment that the State first argues the statute on appeal.

B. STANDARD OF REVIEW

¶10 We review a trial court's grant of a motion to dismiss for abuse of discretion. *State v. Michielli*, 132 Wn.2d 229, 240, 937 P.2d 587 (1997). A trial court abuses its

discretion when it bases its decision on untenable or unreasonable grounds. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

## C. STATUTORY INTERPRETATION

¶11 Under former RCW 9.94A.835(1), the State must file special allegations when appropriate:

> The prosecuting attorney shall file a special allegation of sexual motivation in every criminal case, felony, gross misdemeanor, or misdemeanor, other than sex offenses as defined in [ ] RCW 9.94A.030(38) (a) or (c) when sufficient admissible evidence exists, which, when considered with the most plausible, reasonably foreseeable defense that could be raised under the evidence, would justify a finding of sexual motivation by a reasonable and objective fact finder.

The State must prove the special allegation beyond a reasonable doubt. Former RCW 9.94A.835(2). The State may not unilaterally withdraw a special allegation of sexual motivation:

> The prosecuting attorney shall not withdraw the special allegation of sexual motivation without approval of the court through an order of dismissal of the special allegation. The court shall not dismiss this special allegation unless it finds that such an order is necessary to correct an error in the initial charging decision or unless there are evidentiary problems which make proving the special allegation doubtful.

Former RCW 9.94A.835(3).

¶12 Meacham essentially argues that the trial court may read the second sentence of former RCW 9.94A.-835(3) separately from the first sentence. This argument is inconsistent with statutory interpretation in Washington. We review questions of law, including statutory construction, de novo. *City of Pasco v. Pub. Emp't Relations Comm'n*, 119 Wn.2d 504, 507, 833 P.2d 381 (1992). If a statute's plain language is subject to only one interpretation, our inquiry ends because plain language does not

require construction. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). We read each provision of a statute in relation to the other provisions and construe a statute as a whole. *Hubbard v. Dep't of Labor & Indus.*, 140 Wn.2d 35, 43, 992 P.2d 1002 (2000).

¶13 Therefore, we must read the second sentence of former RCW 9.94A.835(3) in relation to the first. When the State initiates and seeks withdrawal of the special sexual motivation allegation, the State must obtain a dismissal order from the trial court and the trial court shall not grant "such an order" unless the statutory criteria are met. Former RCW 9.94A.835(3). The phrase "such an order" in the second sentence references the order sought by the prosecutor in the first sentence. Former RCW 9.94A.835 does not mention the defendant's right to bring a motion to dismiss the special allegation. Reading the subsection as a whole, it is clear that the superior court's authority to dismiss the special sexual motivation allegation arises only once the State, not the defendant, has moved to withdraw the special allegation of sexual motivation.

¶14 In addition, applying the statutory maxim expressio unius est exclusio alterius, specific inclusions of situations implies that other situations are excluded, leads to the same result. *State v. Delgado*, 148 Wn.2d 723, 729, 63 P.3d 792 (2003). Here, that means that only a prosecutor may move to dismiss the special sexual motivation allegations. The trial court had no authority under former RCW 9.94A-.835(3) to dismiss this special allegation at Meacham's request.

¶15 Our reading of this statute is also consistent with the criminal court rule relating to dismissals. Before trial, a defendant may move to dismiss a criminal charge due to insufficient evidence to establish a prima facie case of the crime charged. CrR 8.3(c). The trial court may grant the defendant's motion if there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt. CrR 8.3(c)(3). But the trial "court shall not dismiss a sentence enhancement or aggravating circumstance un-

less the underlying charge is subject to dismissal under this section." CrR 8.3(c)(3).

¶16  CrR 8.3(c)(3) permits a defendant to move to dismiss an "aggravating circumstance" allegation, but only when the underlying charge is also subject to dismissal. The court may not separate the aggravating circumstances from the underlying charge as the trial court attempted to do here.

¶17  Reading CrR 8.3 and former RCW 9.94.835(3) together demonstrates that a defendant may not bring a motion under this statute to dismiss a special sexual motivation allegation separate from the underlying charge. The prosecutor did not bring a motion to dismiss these special allegations and Meacham did not move to dismiss the underlying burglary charges. The trial court abused its discretion in granting Meacham's motion to dismiss these special allegations.

¶18  We vacate the dismissal order and remand for trial.

HOUGHTON and HUNT, JJ., concur.