[No. 34141. Department One. November 21, 1957.]

PAUL PARKHURST, *Appellant,* v. THE CITY OF EVERETT *et al.,*
*Respondents.*[1]

*Clarence J. Coleman,* for appellant.

*Leslie R. Cooper,* for respondent.

*John Spiller, amicus curiae.*

WEAVER, J.—The trial court held that plaintiff's second
amended complaint did not state a cause of action. De-

[1]Reported in 318 P. (2d) 327.

fendants' demurrer having been sustained, plaintiff appeals from a judgment dismissing his action with prejudice.

January 21, 1928, plaintiff became a member of the Everett fire department. After more than twenty-five years of service, he retired voluntarily on October 1, 1953. For more than one year preceding his retirement, he held the rank of assistant chief at a salary of $390 per month. At the time of retirement, *plaintiff had not attained the age of fifty-five years*. He has received a pension of $125 a month since his retirement. He now contends (1) that he is entitled to a money judgment for the difference between one half of his salary at the time of retirement ($195) and $125 a month; and (2) that he is entitled to an order directing the proper city officials to pay him a pension of $195 a month hereafter.

 Generally, pension rights are determined by the statutes in effect at the time the employee enters public service, together with such statutory changes as may be recognized under the doctrine of *Bakenhus v. Seattle,* 48 Wn. (2d) 695, 296 P. (2d) 536 (1956).

Laws of 1919, chapter 196, § 4, p. 670, was in effect when plaintiff entered the employ of the city. It reads as follows:

"Whenever any person, at the taking effect of this act, or thereafter, shall have been duly appointed and has served for a period of twenty years or more, ten years of which shall have been consecutive immediately preceding the end of such period, as a member in any capacity or any rank whatever of the regularly constituted fire department of any such city or town which may be subject to the provisions of this act, [1] the board shall be empowered to order and direct that such person may, *after becoming fifty-five years of age,* be retired from such fire department, and [2] the board shall retire any member *so entitled as hereinabove provided for,* upon his written request for same, and [3] such member so retired shall be paid from such fund a monthly pension equal to one-half the amount of salary attached to the rank which he may have held in said fire department for one year next preceding the date of such retirement. . . . " (Italics ours.) (Numbers inserted for reference.)

Plaintiff contends that under the 1919 statute the requirement that a fireman must be fifty-five years of age at the time of retirement is limited to involuntary retirement; that a review and consideration of prior and subsequent legislation support this conclusion; that "after becoming fifty-five years of age" is

". . . an adverbial clause of time modifying and limiting its last antecedent, the verb 'may' in that the board 'may' not act in any event until after the fireman becomes fifty-five years of age"; (App. Br., p. 21-22)

and that the words "so entitled as hereinabove provided for," do not include nor refer to "after becoming fifty-five year of age."

Defendants, on the other hand, contend that the requirement that a fireman be fifty-five years of age before he may retire under the 1919 statute, quoted *supra,* applies to both voluntary and involuntary retirement; and that plaintiff, therefore, must have retired under the provisions of Laws of 1935, chapter 39, § 2, p. 101, which permit voluntary retirement after twenty-five years of service (which plaintiff had), regardless of attained age.

We find it neither necessary nor proper to consider legislation prior or subsequent to the 1919 statute. If the words employed in the declaring part of a statute be plain, unambiguous, and well understood according to their natural and ordinary sense and meaning, the statute furnishes a rule of construction beyond which a court cannot go. *Tsutakawa v. Kumamoto,* 53 Wash. 231, 101 Pac. 869, 102 Pac. 766 (1909). We believe the 1919 statute, quoted *supra,* is clear and unambiguous; therefore, we must find its meaning within the four corners of the statute itself.

The statute in question is a single compound-complex sentence having three co-ordinated clauses. For clarity, we numbered each of the co-ordinated clauses when we quoted the statute. This compound sentence is rendered complex by reason of certain subordinate clauses joined to the main clauses.

"After becoming fifty-five years of age" is a prepositional

phrase of time used adverbially. It modifies the potential mood of the verb "retire"—"may be retired," which in turn is the predicate of the subordinate clause "such person may be retired." We place no significance on the fact that the phrase is inserted between "may" and "be retired." It is only a matter of euphony.

In *Davis v. Gibbs*, 39 Wn. (2d) 481, 483, 236 P. (2d) 545 (1951), this court said:

"Where no contrary intention appears in a statute, relative and qualifying words and phrases, both grammatically and legally, refer to the last antecedent. [Authorities cited.]

"The last antecedent is the last word which can be made an antecedent without impairing the meaning of the sentence. *Traverse City v. Township of Blair*, 190 Mich. 313, 157 N. W. 81."

We cannot agree with plaintiff's contention that, under the rule of the *Davis* case, the phrase "after becoming fifty-five years of age" refers to the verb "may be retired," and, thus, only limits the discretionary powers of the board. The fallacy of this contention is that an antecedent may not be a verb. An antecedent is

". . . a noun or noun equivalent, whether word, phrase, or clause, referred to by a personal or relative pronoun." Webster's New International Dictionary, Second Edition.

The rule announced in the *Davis* case is not controlling.

As used in the first clause of this compound-complex sentence, the prepositional phrase "after becoming fifty-five years of age" establishes one of the conditions precedent which must exist before a fireman may be retired *involuntarily*.

What, then, are the conditions which must exist before a fireman may retire *voluntarily* under the terms of the 1919 statute? The answer is found in the second clause of the sentence:

". . . the board shall retire *any member so entitled as hereinabove provided for,* upon his written request for same, . . ." (Italics ours.)

Upon this phase of the case, we adopt verbatim the language of the memorandum decision of the trial court.

"It seems quite clear that the words 'as hereinabove provided for' in the 1919 act refers not only to the requirement for 20 years or more of service, ten of which must have been consecutive, but also that a fireman must be 55 years of age in order to retire, either voluntarily or involuntarily.

"Under the interpretation of the 1919 act contended for by plaintiffs, it is possible for a fireman to retire voluntarily at an earlier age and with less service than involuntary retirement forced by proper city officials. There is no sound basis for this distinction. The sensible and true distinction is found in the 1935 act, which permits both voluntary and involuntary retirement before the age of 55 years if such fireman has 25 years of service, or 20 years of service and shall have reached the age of 55 years. Permitting earlier age retirement after longer service makes sense; permitting retirement at an earlier age with same or shorter service does not make sense.

"Plaintiffs, at the time of their retirement, were not eligible to retire under the provisions of the 1919 act because they had not attained the age of 55 years."

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.