NOSTRAND ET AL. *v.* LITTLE ET AL.

No. 342. Argued March 30–31, 1960.—Decided May 2, 1960.

*Francis Hoague* and *Solie M. Ringold* argued the cause and filed a brief for appellants.

*Herbert H. Fuller,* Chief Assistant Attorney General of Washington, argued the cause for appellees. With him on the brief was *John J. O'Connell,* Attorney General.

PER CURIAM.

Washington requires every public employee to subscribe to an oath that he is "not a subversive person or a member of the Communist Party or any subversive organization, foreign or otherwise, which engages in or advocates, abets, advises, or teaches the overthrow, destruction or alteration of the constitutional form of the government of the United States, or of the State of Washington, or of any political subdivision of either of them, by revolution, force or violence; . . ." Refusal so to do "on any

grounds shall be cause for immediate termination of such employee's employment." *

Appellants brought this declaratory judgment action claiming the Act to be violative of due process as well as other provisions of the Federal Constitution. One of the claims is that no hearing is afforded at which the employee can explain or defend his refusal to take the oath. The Supreme Court of Washington did not pass on this point. The Attorney General suggests in his brief that prior to any decision thereon here, "the Supreme Court of Washington should be first given the opportunity to consider and pass upon" it. Moreover, appellants point to a recent case of the Washington Supreme Court, *City of Seattle* v. *Ross*, 54 Wash. 2d 655, 344 P. 2d 216 (1959), as analogous. There that court overturned an ordinance because it established a presumption of guilt without affording the accused an opportunity of a hearing to rebut the same. In the light of these circumstances we cannot say how the Supreme Court of Washington would construe this statute on the hearing point.

The declaratory nature of the case, the fact that the State's statute here under attack supplements previous

---

*Chapter 377, Laws of Washington 1955. The pertinent part of that statute reads:

"Sec. 1. Every person and every board, commission, council, department, court or other agency of the state of Washington or any political subdivision thereof, who or which appoints or employs or supervises in any manner the appointment or employment of public officials or employees . . . shall require every employee . . . to state under oath whether or not he or she is a member of the communist party or other subversive organization, and refusal to answer on any grounds shall be cause for immediate termination of such employee's employment . . . ."

The Washington Supreme Court construed this statute as requiring the element of *scienter.*

statutory provisions raising questions concerning the applicability of the latter, and the principle of comity that should be afforded the State with regard to the interpretation of its own laws, bring us to the conclusion that we must remand the case for further consideration. Cf. *Williams* v. *Georgia,* 349 U. S. 375 (1955).

*Vacated and remanded.*

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

I think the remand in the present case is a useless act. The Supreme Court of Washington has cleared up any ambiguity that could be relevant to the issues posed here.

The present statute says that the refusal to take the oath "on any grounds" shall be cause for "immediate termination" of employment. The Supreme Court of Washington has held that the oath stating whether the employee is or is not a member of a "subversive organization" includes "the element of *scienter.*" * Yet neither knowing members nor innocent members are excused from taking the oath. A hearing "at which the employee can explain or defend his refusal to take the oath," to use the words of the Court, would seem therefore to serve no function under this type of statute. If the present

---

*The oath which was prepared by the Washington Attorney General and tendered to appellants, however, contains no qualifications. It reads, in material part, as follows:

"(2) That I am not a subversive person or a member of the Communist Party or any subversive organization, foreign or otherwise, which engages in or advocates, abets, advises, or teaches the overthrow, destruction or alteration of the constitutional form of the government of the United States, or of the State of Washington, or of any political subdivision of either of them, by revolution, force or violence;

"That this statement is voluntarily made by me, pursuant to the provisions of Chapter 377, Laws of 1955, with full knowledge that the same is subject to the penalties of perjury."

statute is taken as it is written, I think this case is ripe for decision.

*City of Seattle* v. *Ross*, 54 Wash. 2d 655, 344 P. 2d 216, does not seem to me to be relevant. The ordinance there involved read:

> "It is unlawful for anyone not lawfully authorized to frequent, enter, be in, or be found in, any place where narcotics, narcotic drugs or their derivatives are unlawfully used, kept or disposed of."

The defendant in question entered the premises innocently and lawfully without knowledge of the presence of narcotics. He was convicted, the trial court overruling the defense of innocence.

The Supreme Court of Washington reversed the judgment of conviction, holding the ordinance was unconstitutional as applied. The court said, 54 Wash. 2d, at 658, 344 P. 2d, at 218:

> "*The respondent would have us rewrite the statute to exclude persons upon the premises for lawful purposes, as well as those who are authorized or commissioned to go there. This the court cannot do.* Where the language of a statute is plain, unambiguous, and well understood according to its natural and ordinary sense and meaning, the statute itself furnishes a rule of construction beyond which the court cannot go. Parkhurst v. City of Everett, 51 Wash. 2d 292, 318 P. 2d 327. The trial court had no difficulty in discerning the meaning of the words used in this ordinance. A person 'lawfully authorized,' the court decided and we agree, is a person carrying some express authority to go upon the premises, as a law enforcement officer, narcotic agent, or the like, and not one who goes upon some lawful business but without express authority." (Italics added.)

A hearing under the present statute would obviously be important to a determination of the existence of "scienter" for prosecution of one who took the oath for perjury. But such a hearing is not germane to the question whether under this statute a teacher has the right to refuse to take the oath that is tendered. The command of the statute is clear: refusal to take the oath "on any grounds" is cause for discharge. That command poses the critical issue for us. A remand for a determination of whether there will be a hearing therefore seems to me to be a remand for an irrelevancy in the setting of this case.