NOSTRAND ET AL. *v.* LITTLE ET AL.

No. 571. Decided January 22, 1962.

*Francis Hoague* for appellants.

*John J. O'Connell,* Attorney General of Washington, *Herbert H. Fuller,* Deputy Attorney General, and *Timothy R. Malone,* Assistant Attorney General, for appellees.

PER CURIAM.

The motion to dismiss is granted and the appeal is dismissed for want of a substantial federal question.

MR. JUSTICE DOUGLAS, dissenting.

The disposition that the Court makes of the case resolves one of the questions presented by the appeal, *viz.,* that appellants are entitled to a hearing before they can be discharged for refusing to take the oath. This was the holding below on the remand.[1]  58 Wash. 2d 111, 132, 361 P. 2d 551, 564.

---

[1] The purpose of our remand when the case was here earlier was to have that question of local law resolved. *Nostrand* v. *Little,* 362 U. S. 474.

Yet a remand for that purpose does not answer the other questions tendered, which concern the oath in question and First and Fourteenth Amendment rights.

The oath Washington demands of a teacher (Wash. Rev. Code, 1951, § 9.81.070) requires him to swear he is not a "subversive person," who is defined as

". . . any person who commits, attempts to commit, or aids in the commission, or advocates, abets, advises or teaches by any means any person to commit, attempt to commit, or aid in the commission of any act intended to overthrow, destroy or *alter*, or to assist in the overthrow, destruction or *alteration of*, the constitutional form of the government of the United States, or of the state of Washington, or any political subdivision of either of them *by revolution*, force, or violence; or who with knowledge that the organization is an organization as described in subsections (2) and (3) hereof, becomes or remains a member of a subversive organization or a foreign subversive organization." (Italics added.) Wash. Rev. Code, 1951, § 9.81.010 (5), as amended in 1953.

One aspect of the question the Court does not answer is akin to the one we had in *Cramp* v. *Board of Public Instruction, ante,* p. 278. There we held that an oath which required a teacher to say he had never knowingly lent his "aid" or "support" or "advice" or "counsel" or "influence" to the Communist Party was unconstitutional, because it brought or might bring into its net people who, by parallelism of conduct, might be said to have given "aid" to the Communist Party though the cause they espoused was wholly lawful.

This oath presents the question whether one who plans to "alter" the Government of the United States by "revolution" or who knowingly belongs to a group that spon-

sors that idea can be disqualified as a teacher. To "alter" has been the objective of many who have proposed constitutional amendments. The idea of "revolution" is an American concept [2] that at least until recently has been greatly revered. A "revolution" that operates through the route of constitutional amendments would, at least arguably, be in keeping with our ideas of freedom of belief and expression. I mention this matter not to decide it but to indicate its gravity and importance.

The judgment below dismissed the complaint. That action, together with what we do today, deprives appellants of their right to declaratory relief on questions we have never decided. They are remitted to the administrative relief afforded by a hearing—a relief they can get only if they refuse to take the oath. Whether they can preserve in an administrative proceeding the full array of constitutional questions which they now tender is at least debatable, since the judgment that dismisses their complaint decides all the constitutional questions, except the right to a hearing, against them.

For these reasons I dissent from the disposal made of the case and vote to note jurisdiction.

For the reasons stated by MR. JUSTICE DOUGLAS in his dissent, and others, MR. JUSTICE BLACK also dissents from the dismissal of this case.

---

[2] See *Scales* v. *United States*, 367 U. S. 203, 262, 275 (dissenting opinion and Appendix).