**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE REGINA BOZIC, | No. 17-70614 |
| | |
| REGINA BOZIC, on behalf of herself and all others similarly situated, *Petitioner*, | D.C. No. 3:16-cv-00733-BAS-MDD |
| v. | OPINION |
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO, *Respondent*, | |
| HENNY DEN UIJL, an individual; SANDRA DEN UIJL, an individual; BRYAN CORLETT, an individual; OBESITY RESEARCH INSTITUTE, a California Limited Liability Company; CONTINUITY PRODUCTS, a Delaware Limited Liability Company; NATIONAL WEIGHT LOSS INSTITUTE, a California Limited Liability Company; ZODIAC FOUNDATION, a California Limited Liability Company; INNOTRAC CORPORATION, a Georgia Corporation, *Real Parties in Interest.* | |

Petition for Writ of Mandamus
to the United States District Court
for the Southern District of California

Argued and Submitted January 8, 2018
Pasadena, California

Filed April 25, 2018

Before: Milan D. Smith, Jr. and Michelle T. Friedland,
Circuit Judges, and Jed S. Rakoff,[*] Senior District Judge.

Opinion by Judge Friedland

---

[*] The Honorable Jed S. Rakoff, Senior United States District Judge
for the Southern District of New York, sitting by designation.

# SUMMARY**

## Mandamus

The panel denied a petition for a writ of mandamus that sought to reverse an order transferring petitioner Regina Bozic's putative class action from the United States District Court for the Southern District of California to the United States District Court for the Eastern District of California.

The panel agreed with Bozic that it was clear error when the district court transferred her action to the Eastern District because venue was not proper there under the general venue statute, 28 U.S.C. § 1391.  The panel rejected defendants' contentions concerning venue.  First, because nothing in Bozic's complaint suggested that any event giving rise to her individual claims occurred in the Eastern District, the panel held that venue was not proper under § 1391(b)(2).  The panel also held that neither 28 U.S.C. § 1391(b)(1) nor (b)(3) provided a basis for venue in the Eastern District where none of the seven defendants resided in the Eastern District and venue was proper in the Southern District.  Second, concerning defendants' contention that the first-to-file rule negated 28 U.S.C § 1404(a)'s requirement that an action could be transferred only to a district where it "might have been brought," the panel held that the argument was foreclosed by the plain language of § 1404(a) which allowed transfer only to a district where it might have been brought, a requirement that excludes the Eastern District.

---

** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel held that despite the presence of a clear legal error, Bozic was not entitled to mandamus relief where issuance of the writ would have no practical impact on this case in its current procedural posture, and any injury Bozic might face was purely speculative. The panel concluded that the extraordinary remedy of mandamus was unwarranted at this time.

## COUNSEL

Michael T. Houchin (argued) and Ronald A. Marron, Law Office of Ronald A. Marron, San Diego, California, for Petitioner.

Richard P. Sybert (argued), Hazel Mae B. Pangan, and Patrick J. Mulkern, Gordon & Rees LLP, San Diego, California, for Real Parties in Interest.

## OPINION

FRIEDLAND, Circuit Judge:

Plaintiff-Petitioner Regina Bozic requests mandamus relief to reverse an order transferring her putative consumer class action from the United States District Court for the Southern District of California ("Southern District") to the United States District Court for the Eastern District of California ("Eastern District"), where her action was consolidated with a similar one previously filed in the Eastern District. These two federal actions are stayed pending the outcome of a third class action that is proceeding in California state court.

Although we agree with Bozic that it was clear error to transfer her action to the Eastern District, issuance of the writ would have no practical impact on this case in its current procedural posture, and any injury Bozic might face is purely speculative. We therefore hold that the extraordinary remedy of mandamus is unwarranted at this time.

## I.

In 2015, Plaintiff-Petitioner Regina Bozic purchased the weight-loss supplement Lipozene in her home state of Pennsylvania. Disappointed by the product, Bozic filed a putative class action in the Southern District against the corporate entities and individuals (collectively, "Defendants") responsible for the production, distribution, and marketing of Lipozene. In addition to asserting a series of state law claims, Bozic sought a declaratory judgment defining Lipozene purchasers' rights under a 2005 Federal Trade Commission ("FTC") consent decree that restricts Defendants' ability to sell weight-loss products. The Southern District, where the decree was entered and where Defendants reside, retains jurisdiction over matters involving "construction, modification, and enforcement" of that decree.

Bozic's case is the third of its kind. At the time she filed suit, two related putative class actions were already pending in California: *Duran v. Obesity Research Institute, LLC*, filed in the San Diego Superior Court, and *Fernandez v. Obesity Research Institute, LLC*, filed in the Eastern District.[1] All three suits assert similar state law claims

---

[1] We **GRANT** Bozic's request for judicial notice of three minute orders from *Duran* and *Fernandez*. *See United States v. Howard*,

against a largely overlapping group of defendants, although Bozic's request for declaratory relief under the FTC consent decree is unique to the current action. *Fernandez* has been stayed since August 2013 pending the resolution of *Duran*.[2]

After Bozic filed this action in March 2016 in the Southern District, Defendants moved in that court to transfer the case to the Eastern District for consolidation with *Fernandez* or, in the alternative, to stay the proceedings. The court held that Bozic's action was governed by the first-to-file rule, a judicially created "doctrine of federal comity," *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982), which applies when two cases involving "substantially similar issues and parties" have been filed in different districts, *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). Under that rule, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

Reasoning that "the *Fernandez* Court [had] already determined that venue [was] proper" in the Eastern District,

---

381 F.3d 873, 876 n.1 (9th Cir. 2004) (explaining that we may take judicial notice of records in other court proceedings).

[2] In *Duran*, the San Diego Superior Court approved a final settlement in March 2015, but that judgment was successfully appealed. *Duran v. Obesity Research Inst., LLC*, 204 Cal. Rptr. 3d 896, 900 (Ct. App. 2016). A set of objectors—themselves the named plaintiffs in *Fernandez*—argued that the settlement was defective due to lack of notice, among other alleged flaws. *Id.* The California Court of Appeal agreed and reversed. *Id.* ("The erroneous notice injected a fatal flaw into the entire settlement process and undermines the court's analysis of the settlement's fairness."). The case is currently pending again before the Superior Court.

the district court chose to transfer. Bozic then filed a petition for a writ of mandamus asking our court to vacate the transfer order.

## II.

"The writ of mandamus is a 'drastic and extraordinary' remedy." *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947)). A mandamus petitioner bears the burden of establishing that "right to issuance of the writ is 'clear and indisputable.'" *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 381 (2004) (quoting *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976)). Even when a petitioner has carried this burden, we may not grant relief unless we are "satisfied that the writ is appropriate under the circumstances." *Id.*

We consider five factors, first outlined in *Bauman v. United States District Court*, 557 F.2d 650 (9th Cir. 1977), when assessing whether mandamus relief is appropriate:

> (1) whether the petitioner has other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order makes an "oft-repeated error," or "manifests a persistent disregard of the federal rules"; and (5) whether the district court's order raises new and important problems, or legal issues of first impression.

*In re Van Dusen*, 654 F.3d at 841 (quoting *Bauman*, 557 F.2d at 654–55). Clear legal error is necessary, but not sufficient,

for issuance of the writ. *See Cheney*, 542 U.S. at 380 (holding that the writ is appropriate only when the petitioner has "no other adequate means to attain the relief he desires" (quoting *Kerr*, 426 U.S. at 403)); *In re Henson*, 869 F.3d 1052, 1058 (9th Cir. 2017) ("[S]atisfying the third *Bauman* factor—clear error—is necessary for granting the writ.").

## III.

Applying these standards, we conclude that although the district court committed clear legal error by transferring this action to the Eastern District, mandamus relief is not appropriate. Issuance of the writ would have no practical impact on this case in its current procedural posture. The district court made clear that it would either transfer or stay this case under the first-to-file rule, which the parties do not dispute applies. If transfer were not an available option, Bozic's action therefore would be stayed pending a final judgment in *Duran*—which is the same state it is in now in the Eastern District. As a result, any injury Bozic might face from the transfer is purely speculative at this point. If the stay were eventually lifted in circumstances in which she could proceed with her case, thus making her asserted injury less speculative, Bozic could then file a motion in the Eastern District to transfer her case back to the Southern District and, if necessary, file a new petition for a writ of mandamus in our court.

## A.

The district court clearly erred by transferring this case to the Eastern District because, under the general venue

statute, 28 U.S.C. § 1391, venue is not proper there.**[3]** The district court had discretion to transfer Bozic's action, but only "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The phrase "where it might have been brought" refers solely to districts where Bozic could have originally filed suit. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). This category cannot be expanded by Defendants, even if they favor transfer to a district where the action could not have been brought. *Id.*

Relying on the class character of Bozic's claims, Defendants argue that venue is proper in the Eastern District because some putative class members presumably purchased Lipozene in that district. And even if venue is improper under § 1404(a), they insist that the requirements of § 1404(a) do not control where, as here, an action is transferred pursuant to the first-to-file rule. We reject both contentions.

## 1.

Defendants assert that purchases by putative class members in the Eastern District comprise "a substantial part of the events or omissions giving rise to" Bozic's claims, and that venue in the Eastern District is therefore proper under

---

**[3]** We previously held in *In re United States*, 791 F.3d 945 (9th Cir. 2015), that "we should only offer guidance to the district court if the writ would have been an appropriate remedy at the time the petition was filed." *Id.* at 954. There, however, the petitioner did not identify any "specific act the [petitioner] would have us compel the district court to do . . . nor [was] there any order we m[ight] vacate." *Id.* at 953. By comparison, Bozic has requested that we return her action to the Eastern District, and this would be an appropriate remedy if we believed the requirements for mandamus relief were satisfied. We thus see no problem in evaluating the basis for the transfer order when assessing whether the "clear legal error" *Bauman* factor is satisfied.

28 U.S.C. § 1391(b)(2). Even putting aside whether the purchase of Lipozene by some fraction of putative class members might qualify as "a substantial part of the events"—and further that no members of Bozic's putative class have so far been identified—Defendants' argument fails. Whether before or after class certification, the claims of unnamed class members can never make permissible an otherwise impermissible venue. Rather, in a class action, the "events" in question are only those involving the named plaintiffs. *See Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 490 (5th Cir. 2003) (explaining that "all named plaintiffs to a class action must satisfy the venue requirements"); *see also* 2 Newberg on Class Actions § 6:36 (5th ed.) ("The analysis of where a substantial part of the events took place, in a class action, looks to the events concerning the named plaintiffs' claims, not all of the class members' claims."). Otherwise, a nationwide class action could be transferred to any district in the country, thus abrogating the venue statute altogether.

Nothing in Bozic's Complaint suggests that a substantial part of the events giving rise to her individual claims—or, indeed, any event giving rise to her individual claims— occurred in the Eastern District. Nor have Defendants offered any evidence or legal theory connecting Bozic's individual claims to the Eastern District. Bozic purchased Lipozene in Pennsylvania, and Defendants' Lipozene business operations are based entirely in the Southern District. By contrast, venue is proper in the Eastern District in *Fernandez*, the related federal class action, because several of the named plaintiffs in *Fernandez* purchased Lipozene in the Eastern District. *Fernandez v. Obesity Research Inst., LLC*, No. 2:13-cv-00975-MCE-KJN, 2013 WL 4587005, at *3 (E.D. Cal. Aug. 28, 2013). Contrary to Defendants' argument, it is irrelevant that Bozic is herself a member of the putative class in *Fernandez*; whether venue

is proper under § 1391(b)(2) in *this* action depends only on the events surrounding Bozic's claims.

Nor does § 1391(b)(1) or (b)(3) provide a basis for venue in the Eastern District. None of the seven defendants in this action reside in the Eastern District, as would be required for venue under § 1391(b)(1). And § 1391(b)(3) applies only if there is no district where venue lies under § 1391(b)(1) or (b)(2). Because venue is proper in the Southern District, this residual provision does not apply. Thus, the Eastern District is not an available venue for this action.

**2.**

Defendants also contend that the first-to-file rule negates § 1404(a)'s requirement that an action may be transferred only to a district where it "might have been brought." We disagree.

Defendants' argument on this score presents what appears to be an issue of first impression in the courts of appeals. But Defendants' argument is foreclosed by the plain language of § 1404(a), which provides in relevant part that "a district court may transfer any civil action to any other district or division where it might have been brought." *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (explaining that the "transfer power is . . . expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought'"). A contrary understanding of the interaction between the first-to-file rule and § 1404(a) would allow a judge-made doctrine to contravene a congressionally enacted statute—a result that the Supreme Court has made clear we cannot countenance. *See Nostrand v. Little*, 362 U.S. 474, 477 (1960) ("Where the language of a statute is plain, unambiguous, and well understood according to its natural

and ordinary sense and meaning, the statute itself furnishes a rule of construction beyond which the court cannot go."). Although the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of § 1404(a) cabin the exercise of that discretion.[4]

Because the district court could only transfer this action to a district "where it might have been brought" under § 1404(a)—a requirement that excludes the Eastern District—we conclude that the district court committed clear legal error by granting Defendants' motion to transfer.

**B.**

Despite the presence of a clear legal error, we hold that Bozic is not entitled to mandamus relief. Mandamus may sometimes be appropriate to correct a clearly erroneous transfer order. *See Commercial Lighting Prods., Inc. v. U.S. Dist. Court*, 537 F.2d 1078, 1079 (9th Cir. 1976); *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 951–52 (9th Cir. 1968). But if clear legal error were sufficient for mandamus relief, every erroneous interlocutory order would warrant issuance of the writ. *See Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 382–83 (1953) (rejecting the notion that "every interlocutory order which is wrong might be reviewed under the All Writs Act" and declining to issue a writ of mandamus where the court's order, "even if erroneous," "involved no abuse of judicial power"). That is why, when deciding whether to issue the writ, we also look

---

[4] Defendants' reliance on *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982), is unavailing. There the district court dismissed, rather than transferred, the second-filed action. *Id.* at 94. We therefore had no cause to consider the interaction between § 1404(a) and the first-to-file rule.

to "whether the petitioner has other adequate means . . . to attain the relief he or she desires," "whether the petitioner will be damaged or prejudiced in a way not correctable on appeal," "whether the district court's order makes an 'oft-repeated error,' or 'manifests a persistent disregard of the federal rules,'" and "whether the district court's order raises new and important problems, or legal issues of first impression." *In re Van Dusen*, 654 F.3d 838, 841 (9th Cir. 2011) (quoting *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977)). And here, these remaining *Bauman* factors collectively weigh against issuing the writ. *See Bauman*, 557 F.2d at 654–55.

**1.**

In evaluating the remaining *Bauman* factors, we first consider whether the "party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires," and, relatedly, whether the "petitioner will be damaged or prejudiced in a way not correctable on appeal." *Id.* at 654; *see also Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004). These factors are not satisfied here. Indeed, Bozic cannot even attain the relief she desires—the opportunity to litigate her own case immediately in a proper forum—through issuance of the writ. Because it would be inappropriate to wield "one of 'the most potent weapons in the judicial arsenal,'" *Cheney*, 542 U.S. at 380 (quoting *Will v. United States*, 389 U.S. 90, 107 (1967)), when a petitioner faces no imminent injury— and will have other options available if that ever changes— these circumstances weigh heavily against granting mandamus relief.

Bozic does not dispute that the first-to-file rule applies here. That rule allows a court to transfer, stay, or dismiss a later-filed suit in deference to an earlier-filed suit, *see*

*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991), and the district court made clear that it would do one of those things here. If we were to grant mandamus relief and return Bozic's action to the Southern District having held that transfer is not an option, the court would therefore almost certainly stay the case pending the outcome in *Duran*.[5] Bozic's case would thus remain in the same posture regardless of the transfer—namely, stayed pending the outcome in *Duran*. Bozic's petition might have been more responsive to her articulated concern had she also requested that we reverse the district court's conclusion that the first-to-file rule applied, thereby precluding any subsequent stay in the Southern District. Bozic has expressly acknowledged, though, that a stay pursuant to the first-to-file rule is appropriate in this case.

If *Duran* were eventually resolved in a manner that would have preclusive effect on the federal actions, Bozic's options for challenging the *Duran* judgment would remain the same regardless of whether we had granted this petition. Bozic argues that she will suffer irreparable harm absent the writ because any resolution of *Duran* will not provide sufficient relief.[6] But Bozic's ability to contest the *Duran*

---

[5] Because Defendants did not move to dismiss, the Southern District would presumably stay the case if it had occasion to choose between the remaining options provided by the first-to-file rule. Of course, if the Southern District chose to dismiss instead, our having granted Bozic's mandamus petition would only have moved her farther from her requested relief.

[6] *Duran* in fact shows the opposite, by demonstrating that nothing irreparable would follow from an initial resolution in that case. There the Court of Appeal reversed the settlement after the named plaintiffs from the *Fernandez* action filed objections that identified significant flaws in the initial settlement agreement. *See Duran v. Obesity Research Inst., LLC*, 204 Cal. Rptr. 3d 896, 900 (Ct. App. 2016).

judgment in no way depends on where her case is stayed. *Duran* is still a putative class action. If the class in *Duran* were ever certified—whether as a settlement class or a litigation class—then Bozic would be able to choose to opt out or intervene regardless of whether her own separate case was pending in the Southern or Eastern District. *See* Cal. Civ. Code § 1781(e); *Hernandez v. Restoration Hardware, Inc.*, 409 P.3d 281, 288–89 (Cal. 2018) ("Potential class members in [California] can opt out of the class action litigation and pursue their own litigation against the same class defendant, timely intervene in the action or proceeding, or move to set aside the judgment."). This petition thus has no effect on Bozic's options.

Moreover, in the event Duran were resolved in a manner that did not preclude Bozic's claims and the stay of her action were lifted—for example, if she opted out of any certified class in *Duran*—then Bozic could, in reliance on our opinion, file a motion in the Eastern District to transfer her case back to the Southern District. If that motion were unsuccessful, she could then refile for mandamus. At that point, any potential injury from her case remaining in the Eastern District would be far less speculative,[7] and we could

---

[7] Bozic's primary argument for why she is prejudiced by having her case in the Eastern District is that the Southern District has exclusive jurisdiction to adjudicate her claim regarding the FTC consent decree. But Bozic lacks standing to enforce that decree, meaning an inability to pursue enforcement in the Eastern District cannot injure her in any relevant way. *See United States v. FMC Corp.*, 531 F.3d 813, 821 (9th Cir. 2008) (holding that a third party lacks standing to enforce a governmental consent decree where, as here, the decree does not include "a clear expression of a different intent"). We have not definitively resolved whether third-party beneficiaries always lack standing to enforce a consent decree or, rather, whether third-party beneficiaries are presumed to lack standing absent a clear statement to the contrary. *See id.* But because the FTC consent decree contains no indication that third-

evaluate whether she would be prejudiced in a way that warranted mandamus relief.**[8]**

## 2.

The rest of the *Bauman* factors similarly do not support granting the writ. Bozic has no colorable argument that "[t]he district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules." *Bauman*, 557 F.2d at 655. And although it appears that the interaction of the first-to-file rule and § 1404(a) is a question of first impression, *see id.*, we have now decided that question in the process of evaluating the "clear legal error" *Bauman* factor. Thus, the "first impression" *Bauman* factor has little relevance here. *See Christensen v. U.S. Dist. Court*, 844 F.2d 694, 697 (9th Cir. 1988) ("All factors are not relevant in every case and the factors may point in different directions in any one case.").

---

party beneficiaries have enforcement rights, Bozic's petition does not require exploring this ambiguity.

Moreover, there is no dispute that the Eastern District has both subject matter jurisdiction over the remainder of this dispute and personal jurisdiction over Defendants. There is thus no risk that the Eastern District might adjudicate an action when it lacks the power to do so. *See Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir. 1978) ("Venue is not jurisdictional.").

**[8]** Even then, it is not clear that mandamus relief would be appropriate. *Cf. Wash. Pub. Utils. Grp. v. U.S. Dist. Court*, 843 F.2d 319, 325 (9th Cir. 1987) (declining to issue a writ of mandamus to order a change in venue even though the petitioners might have been "required to endure the expense and inconvenience of a second massive trial").

## IV.

For all these reasons, we conclude that Bozic has not shown the necessary clear and indisputable right to issuance of the writ.  The petition is therefore **DENIED**.