IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78341-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| BENJAMIN BATSON, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: August 12, 2019 |

ANDRUS, J. — Benjamin Batson challenges the constitutionality of RCW 9A.44.128(10)(h) to the extent it imposes a duty to register as a sex offender based on an out-of-state conviction for which there is no comparable Washington crime. We conclude that the sex offender registration statute contains an unconstitutional delegation of the legislative function to another state and reverse Batson's conviction for failing to register.

## FACTS

On November 14, 1984, while living in Arizona, Batson was convicted of two counts of sexual conduct with a 16 year old, a felony in Arizona.[1] The trial

---

[1] Arizona Revised Statutes (ARS) §13-1405(A) makes it a crime to engage in sexual conduct with a minor, which is defined as any person under the age of 18.

court sentenced Batson to prison, and ordered him to register as a sex offender while living in Arizona.[2]

Batson moved to Washington in 2008. At the time, Washington's registration statute did not require Batson to register as a sex offender because his Arizona conviction was not legally comparable to a crime in Washington. Former RCW 9A.44.130(1)(a)(2008) provided:

> Any adult . . . whether or not the person has a fixed residence, or who is a student, is employed, or carries on a vocation in this state who has been found to have committed or has been convicted of any sex offense or kidnapping offense . . . shall register with the county sheriff for the county of the person's residence . . . .

Former RCW 9A.44.130(10)(a)(iv) defined "sex offense" as "[a]ny federal or out-of-state conviction for an offense that under the laws of this state would be classified as a sex offense under this subsection." Because the comparable Washington statute only criminalized sexual contact with minors under the age of 16,[3] Batson's conduct did not meet the definition of a sex offense.

In 2010, the Legislature amended RCW 9A.44.128, modifying the definition of "sex offense" to include:

> Any federal or out-of-state conviction for: *An offense for which the person would be required to register as a sex offender while residing in the state of conviction*; or, if not required to register in the state of conviction, an offense that under the laws of this state would be classified as a sex offense under this subsection, unless a court in the person's state of conviction has made an individualized determination that the person should not be required to register.

---

[2] ARS §13-3821(A)(4) provides that anyone convicted of sexual conduct with a minor in violation of ARS §13-1405 must register with the sheriff of the county of residence.

[3] RCW 9A.44.089, Washington's child molestation statute, makes it unlawful for a person to have sexual contact with a minor at least 14 years of age but under the age of 16, if the perpetrator is at least 4 years older than the victim. Thus, the age of consent in Washington is 16 years of age.

LAWS OF 2010, ch. 267, §1 (emphasis added).[4]

The amended statute required Batson to register as a sex offender in Washington because he was required to register in Arizona. Because Batson is homeless, he must also report weekly to the sheriff of the county of registration and maintain an "accurate accounting" of each location he stayed during the week. RCW 9A.44.130(6)(b). The failure to report constitutes failure to register and is a felony. RCW 9A.44.132.

Batson was convicted of felony failure to register as a sex offender on June 21, 2011. He was again convicted of felony failure to register in 2014, but this court reversed that conviction because the State failed to prove that Batson lacked a fixed residence during the charging period. State v. Batson, 194 Wn. App. 326, 339, 377 P.3d 238 (2016). Batson challenged the constitutionality of the statute in that appeal, but this court declined to reach Batson's constitutional challenge because it reversed his conviction on other grounds. Id. at 328.

On November 14, 2017, the State charged Batson a third time with felony failure to register. CP 1, 17. The trial court convicted Batson of this offense and sentenced him to 9 months in jail followed by 36 months in community custody. Batson appeals his conviction, again raising a constitutional challenge to RCW 9A.44.128(10)(h).

---

[4] A 2011 amendment removed federal offenses from the statute. LAWS OF 2011, ch. 337, §2. The statute now reads:

> Any out-of-state conviction for an offense for which the person would be required to register as a sex offender while residing in the state of conviction; or, if not required to register in the state of conviction, an offense that under the laws of this state would be classified as a sex offense under this subsection.

RCW 9A.44.128(h). This is the current version of the statute.

- 3 -

ANALYSIS

Batson claims that the sex offender registration is unconstitutional. We review a statute's constitutionality de novo. State v. Bassett, 192 Wn.2d 67, 77, 428 P.3d 343 (2018). Statutes are presumed constitutional, and the defendant has the burden of proving otherwise. Id.

Batson claims that RCW 9A.44.128(10)(h) is an unconstitutional delegation of the legislative function because it allows another state's legislature to define "sex offense," an element of the crime of felony failure to register. We agree.

Article II, section 1 of the Washington State Constitution vests all legislative powers in our state senate and house of representatives. It is unconstitutional for the Legislature to "abdicate or transfer its legislative function to others." Brower v. State, 137 Wn.2d 44, 54, 969 P.2d 42 (1998). This legislative duty requires that all statutes be complete when they leave the Legislature. Diversified Inv. P'ship v. Dep't of Soc. & Health Servs. (Diversified), 113 Wn.2d 19, 24, 775 P.2d 947 (1989). To meet the rule of completeness, the Legislature must define all elements of any crime and may not transfer that legislative function to others. State v. Dougall, 89 Wn.2d 118, 123, 570 P.2d 135 (1977); State v. Ramos, 149 Wn. App. 266, 276, 202 P.3d 383 (2009).

The Legislature may make the operative effect of a statute contingent on its ongoing harmony with federal law to ensure, for example, ongoing federal funding of certain state programs. Diversified, 113 Wn.2d at 26. But it may not attempt to adopt by statute future laws enacted by other legislative bodies. Dougall, 89 Wn.2d at 123; see also State ex rel. Kirschner v. Urquhart, 50 Wn.2d 131, 135-37, 310

P.2d 261 (1957) (Legislature cannot pass licensing law that declares that accredited medical schools shall be those thereafter established by private medical societies); Nostrand v. Balmer, 53 Wn.2d 460, 471-72, 335 P.2d 10 (1959) (statute unconstitutionally delegated to United States Attorney General the task of defining "subversive" organizations, the membership in which was prohibited), vacated in part on other grounds, Nostrand v. Little, 362 U.S. 474, 80 S. Ct. 840, 4 L. Ed. 2d 892 (1960).

The State contends that the sex offender registration statute merely makes its operative effect contingent on another state's statute and thus is permissible under Diversified. Batson, however, argues that the portion of the statute that makes sex offender registration contingent on the future laws of another state violates the non-delegation holding of Dougall. We conclude that Dougall controls here.

In Dougall, the defendant was charged with possession of Valium after a federal order published in the Federal Register designated it as a controlled substance under federal law. 89 Wn.2d at 122. The Washington Legislature did not designate or reschedule Valium as a controlled substance under the state Uniform Controlled Substances Act, chapter 69.50 RCW, but under RCW 69.50.201(d), Valium automatically became a controlled substance under state law 30 days from the date of the federal order's publication in the Federal Register, if the Washington State Board of Pharmacy did not object to its designation. Id. at 120.

Our Supreme Court concluded that RCW 69.50.201(d) was an unconstitutional delegation of legislative authority to the federal government because it attempted to incorporate into state law *future* federal rules. Id. at 123. It held that the statute was unconstitutional because it permitted future federal designation, rescheduling, or deletion of controlled substances in the Federal Register to become controlled substances under the Uniform Controlled Substances Act by means of Board inaction or acquiescence. Id.

A person commits the crime of felony failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130. RCW 9A.44.132(1). RCW 9A.44.130(1)(a) in turn requires any adult convicted of a sex offense to register with the county sheriff for the county of the person's residence. RCW 9A.44.128(10)(h) then defines those "sex offenses" for which registration is mandatory. The provision provides:

> Any out-of-state conviction for an offense for which the person *would be required* to register as a sex offender while residing in the state of conviction; or, if not required to register in the state of conviction, an offense that under the laws of this state would be classified as a sex offense under this subsection.

(emphasis added).

The duty to register thus is an element of Batson's crime. See 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 49C.02 (4th ed. 2016). The State had to establish that Batson had this duty during the period he was charged with violating RCW 9A.44.132. The only way to establish this element of the crime was to prove that during any alleged charging

period, Batson "would be" required to register under Arizona law if he lived in that state. The definition of an out-of-state "sex offense" does not link the duty to register to any specific point in time in the past but instead conditions that duty on whether Arizona law imposes a duty to register in the future. Batson's duty to register in this state is thus completely dependent on whether the Arizona Legislature retains or removes his crime of conviction on its list of registrable crimes. If the Arizona Legislature eliminates Batson's crime of conviction from this list, any duty to register in Washington evaporates. If, however, the Arizona Legislature then reinstates the registration requirement, Batson's duty under Washington law would be resuscitated. As in Dougall, the sex offender registration statute permits future Arizona law to define an element of the crime.

Diversified is not analogous. In that case, the Legislature passed a statute that provided if any part of chapter 74.46 RCW, which established a nursing facility Medicaid payment system, was found to conflict with federal law, the conflicting state statute would become inoperative pending further review by the Legislature. 113 Wn.2d at 24. Diversified challenged the constitutionality of this provision, arguing it attempted to adopt future federal law in violation of the Dougall standard. Id. at 25. Our Supreme Court distinguished the Medicaid statute from the criminal statute in Dougall, concluding that the Legislature may determine when a law, substantively complete in itself, will take effect and when it will be repealed. Id. at 26. The Medicaid statute merely conditioned its operative effect on a future specified event, whereas the controlled substance statute at issue in Dougall

transferred power to define an element of a crime to the federal government. Id. at 28-29.

The sex offender registration statute does not provide that it becomes ineffective or inoperative if some event occurs in the future. Instead, it transfers to Arizona the power to define whether Batson has an ongoing duty to register in Washington. See State v. Green, 156 Wn. App. 96, 230 P.3d 654 (2010) (duty to register is an ongoing obligation; failure to register is ongoing course of conduct). This obligation depends entirely on Arizona law at any given point in the future. Thus, the duty to register as the result of an out-of-state conviction for which registration would be required while residing in the state of conviction is an unconstitutional delegation of the legislative function and violates article II, section 1 of the Washington State Constitution.[6] We do not invalidate RCW 9A.44.128(10)(h) in its entirety, but do so to the extent it imposes a duty to register based on an out-of-state conviction that would not be classified as a sex offense under the other provisions of RCW 9A.44.128(10).

Reversed.

Andrus, J.

WE CONCUR:

Chun, J.

---

[6] Batson also argues the statute is an ex post facto law, violates double jeopardy and violates equal protection under the federal and state constitutions. Because we invalidate the statute under article II, section 1, we need not reach these additional constitutional claims.