NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SPECIALTY EQUIPMENT MARKET ASSOCIATION, _____ SPECIALTY EQUIPMENT MARKET ASSOCIATION, Petitioner, v. ELAINE L. CHAO, Secretary of Transportation; U.S. DEPARTMENT OF TRANSPORTATION; NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION; JAMES OWENS, Acting Administrator of NHTSA, Respondents. | No. 19-72623 ORDER[*] |

Petition for Writ of Mandamus

Submitted May 6, 2020[**]
Pasadena, California

Before: M. SMITH, OWENS, and BRESS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Section 24405 of the Fixing America's Surface Transportation (FAST) Act permits low-volume vehicle manufacturers to produce and sell a limited number of replica vintage automobiles that are exempt from certain motor safety standards. Pub. L. No. 114-94, § 24405, 129 Stat. 1312, 1721–25 (2015). Congress also provided that the Department of Transportation had to issue any regulations implementing the FAST Act by December 4, 2016. *See* Pub. L. No. 114-94, § 24405(c), 129 Stat. at 1725. This responsibility has been delegated to the National Highway Traffic Safety Administration (NHTSA). *See* 49 C.F.R. § 1.95.

NHTSA did not issue any implementing regulations by December 4, 2016. This prompted petitioner Specialty Equipment Market Association (SEMA), a trade association, to petition this Court for a writ of mandamus directing respondents to propose regulations implementing Section 24405, or to determine that such regulations are unnecessary. On November 22, 2019, this Court ordered a response to SEMA's petition. On December 20, 2019, respondents answered that a notice of proposed rulemaking had issued on December 12, 2019. A notice of proposed rulemaking has also now been published in the Federal Register. *See* Replica Motor Vehicles, 85 Fed. Reg. 792 (proposed Jan. 7, 2020) (to be codified at 49 C.F.R. pts. 565–67, 586).

"The writ of mandamus is a drastic and extraordinary remedy," and SEMA "bears the burden of establishing that [its] right to issuance of the writ is clear and

indisputable." *In re Bozic*, 888 F.3d 1048, 1052 (9th Cir. 2018) (quotations omitted). Because SEMA's requested rulemaking is now underway, SEMA has not established a "clear and indisputable" right to mandamus relief. *Id.* (quotations omitted). Although SEMA requested that we order a fixed timetable for the rulemaking, require status reports, and retain jurisdiction, we decline to do so in light of the circumstances here. Respondents are encouraged to complete the rulemaking process in a reasonably timely manner in view of the delay that has already occurred. Accordingly, we DENY the instant petition for a writ of mandamus without prejudice to SEMA seeking further relief should the circumstances so warrant.

**IT IS SO ORDERED.**