NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re MILLER MENDEL, INC., TYLER MILLER,** *Petitioners*

---

2025-147

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of California in No. 2:22-cv-01390-WBS-AC, Senior Judge William B. Shubb.

---

**ON PETITION**

---

Before DYK, LINN, and CUNNINGHAM, *Circuit Judges.*

LINN, *Circuit Judge.*

## O R D E R

Miller Mendel, Inc. and Tyler Miller (collectively, "MMI") petition this court for a writ of mandamus directing the United States District Court for the Eastern District of California to transfer this case to the United States District Court for the Western District of Oklahoma.  Alternatively, MMI asks this court to direct the Eastern District to dismiss certain of the asserted counts.  Guardian Alliance Technologies, Inc. opposes. MMI replies.  For the following reasons, we deny MMI's petition.

I.

MMI, which is based in Seattle, Washington, and Guardian, which at the time of filing of the present action was based in California[1], have opposed each other over MMI's patents in several forums, including actions in four different federal district courts. Two of those actions are now closed after one of MMI's patents was found invalid. Two actions remain pending; one brought by MMI in the Western District of Oklahoma and the present action brought by Guardian in the Eastern District of California.

Years before the present action, MMI sued the City of Oklahoma City in the Western District of Oklahoma alleging infringement based on use of Guardian's software. *Miller Mendel, Inc. v. The City of Oklahoma City*, No. 5:18-cv-00990-JD (W.D. Okla.). In October 2020, MMI amended its complaint in that action to add Guardian as a defendant, asserting claims for defamation and seeking a declaratory judgment that MMI did not commit fraud or inequitable conduct in securing the asserted patents. In May 2025, MMI sought leave to amend its complaint to drop its claims against the City. Guardian's motion to transfer the Oklahoma action to the Eastern District of California is also pending.[2]

In the present action, filed in the Eastern District of California in August 2022, Guardian seeks a declaratory judgment of unenforceability and invalidity of claims of the same patents at issue in the Oklahoma action. *Guardian All. Techs., Inc. v. Miller Mendel, Inc.*, No. 2:22-cv-01390

---

[1] Guardian states in its response that "[s]ince the filing of this case, [Guardian] has relocated its operations to Nevada." Resp. at 3.

[2] The Oklahoma court has since stayed proceedings pending the outcome of this petition.

WBS AC (E.D. Cal.).  Guardian further asserts claims under Section 2 of the Sherman Act, California's unfair competition and false advertising laws, as well as claims for tortious interference.  In March 2025, MMI moved to dismiss under the first-to-file rule, for lack of standing to pursue relief under the Declaratory Judgment Act, for failure to state claims for Sherman Act violations or state law violations, and for failing to plead fraud and inequitable conduct with the requisite level of particularity.

In April 2025, the Eastern District of California issued its decision on MMI's motion.  The court began by addressing the first-to-file rule.  The court found dismissal unwarranted because Guardian had raised other claims that were not at issue in the Oklahoma action.  The court further noted no party had requested a stay or transfer.  The court then turned to standing and concluded that Guardian has established a real and reasonable apprehension of patent infringement suits being brought against it.  On the pleading challenges, the court concluded that dismissal was warranted only as to Guardian's false advertising and libel claims.

MMI then for the first time filed a motion to transfer the California action to Western Oklahoma.  On July 22, 2025, the district court denied MMI's motion.  The court reiterated that Guardian was seeking relief beyond that at issue in the Oklahoma action.  The court also emphasized that "little has occurred" in the Oklahoma action.  Appx48.  In addition, the court weighed against transfer the fact that MMI only sought transfer after receiving an unfavorable ruling on its motion to dismiss and its finding that Oklahoma would not be convenient to resolve this action given there was no connection between that forum and any of the parties or witnesses.  This petition then followed.

## II.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Kerr v. U.S. Dist.*

*Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). The petitioner must show a "clear and indisputable" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). The petitioner must "lack adequate alternative means to obtain the relief" it seeks. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380. And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

We generally apply regional circuit law to transfer rulings. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). A decision denying transfer based on application of the first-to-file rule is generally only reviewed for an "abuse of discretion." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir. 1982). On mandamus, we review the district court's denial of transfer only for a clear abuse of discretion. *See TS Tech*, 551 F.3d at 1319; *In re Bozic*, 888 F.3d 1048, 1052 (9th Cir. 2018). We cannot say that MMI has shown such abuse here.

"Under [the first-to-file] rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The rule is not to be applied inflexibly, and exceptions may be made if justified by "bad faith," "forum shopping," or considerations of judicial and litigant economy. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625, 628 (9th Cir. 1991) (noting the rule is intended to "promot[e] efficiency").

We see no clear abuse of discretion in the district court's resting its no-transfer decision here on MMI's perceived gamesmanship in seeking transfer only after the

court had denied its motion to dismiss the action. *Cf. Kohn Law Grp. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Nor do we see any abuse of discretion in the court's findings that the litigation would be more convenient in California and transfer would not be efficient given the status of the Oklahoma case and the California court's familiarity with the issues in the case. At least for these reasons, MMI has not demonstrated entitlement to mandamus relief under the circumstances of this case.

MMI contends that denial of transfer here could result in duplicative litigation. But the district court disagreed, and that possibility, standing alone, is insufficient to establish entitlement to mandamus relief. *See Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 679 (5th Cir. 2011); *see also Alltrade,* 946 F.2d at 628 ("The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion . . . must be left to the lower courts." (citations and internal quotation marks omitted)). It is also far from clear and indisputable that the two district courts here are without means, including staying proceedings or transferring the Oklahoma action, to avoid inconsistent results or inefficient use of party and judicial resources.

MMI has likewise not established entitlement to mandamus relief to compel dismissal of the declaratory judgment counts in Guardian's complaint. In particular, MMI has not shown that an appeal from the entry of final judgment would be an inadequate avenue to raise its challenge. *See generally Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 32 (1943) (reversing issuance of writ when "court of appeals below has done no more than substitute mandamus for an appeal contrary to the statutes and the policy of Congress").

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

October 28, 2025
Date