[No. 8000-8-I. Division One. December 31, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM BRUCE GARVIN, *Appellant.*

*James C. Denton* and *Clint A. Lonergan,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Mary Kay Barbieri, Deputy,* for respondent.

DORE, J.—Defendant, William Bruce Garvin, appeals from a judgment and sentence entered upon a jury verdict finding him guilty of second degree extortion. We affirm.

## ISSUE

The sole issue is whether substantial evidence was presented to support each of the alternative methods of committing extortion as instructed by the trial court.

## FACTS

Garvin was employed by Lockheed Shipbuilding as a personnel representative. While serving in such a capacity Garvin threatened several employees with the loss of their jobs unless he received payoffs. As a result of such threats, the State filed an information charging Garvin with the crime of extortion in the second degree.

### DECISION

There was substantial evidence presented concerning "health, safety, and business" to permit the trial court to give instructions Nos. 3, 4, 5, and 7.

Garvin contends that these instructions provide four alternative methods of committing extortion and that since there is no evidence that he threatened anyone's health, safety, or business, the instructions are improper, requiring reversal. Instructions Nos. 3, 4, and 5 are identical except that they relate to different counts; instruction No. 7 defines the crime of extortion.

█ Initially, CrR 6.15(c) requires an objection to an instruction be first raised before the trial court and that defendant's reasons for the objection be stated. Compliance with CrR 6.15(c) enables the trial court to correct any claimed error at the time it matters and helps avoid unnecessary appeals. *Seattle v. Rainwater,* 86 Wn.2d 567, 546 P.2d 450 (1976). Examination of the record reveals that although counsel argued that there was insufficient evidence of "safety, health and business" to submit such instructions, he raises for the first time on appeal the issue of alternative methods of committing extortion and the necessity of substantial evidence for each alternative. Where trial counsel's exception to instructions and his discussion do not clearly apprise the trial court of the points of law involved, the instructions cannot be challenged for the first time on appeal. CrR 6.15(c). *State v. Barriault,* 20 Wn. App. 419, 581 P.2d 1365 (1978). Secondly, even permitting Garvin to raise this new argument on appeal, we hold that he was not prejudiced by these instructions.

█ Where a single offense may be committed by various means, a jury need only be unanimous as to the guilt of the defendant and not as to the manner in which the offense was committed, provided there is substantial evidence to support each of the means charged. *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976). *State v. Gallo,* 20 Wn. App. 717, 582 P.2d 558 (1978). Such a conviction,

however, must be reversed when the evidence is insufficient to warrant an instruction on one of the modes, unless the error affirmatively appears to be harmless. *State v. Golladay,* 78 Wn.2d 121, 470 P.2d 191 (1970). To determine whether or not a statute proscribes a single offense that can be committed in more than one way, or multiple offenses, we must look to the legislative intent. *State v. Jones,* 22 Wn. App. 506, 591 P.2d 816 (1979). "Extortion" is defined by RCW 9A.56.110 as "knowingly to obtain or attempt to obtain by threat property or services of the owner . . ." Second degree extortion pursuant to RCW 9A.56.130 is extortion committed by means of a "threat" which is defined by RCW 9A.04.110(25)(d) through (j):

"Threat" means to communicate, directly or indirectly the intent:

. . .

(j) To do any other act which is intended to harm substantially the person threatened or another with respect to his health, safety, business, financial condition, or personal relationships.

These statutes provide for a single offense of extortion, *i.e.,* by obtaining or attempting to obtain property or services by use of a threat. There are several ways that the threat may be communicated. RCW 9A.04.110(25)(d) through (j). In the instant case, the threat related to only (j). By defining "[t]hreat" the legislature was not creating alternative elements to, but merely defining an element of, the crime. Further, all doubts "should be resolved against turning a single transaction into a multiple offense." *State v. Arndt, supra* at 385. Many statutes define elements of a crime which are not considered alternative methods of committing a crime as discussed in *State v. Arndt, supra.* The crime for which Garvin was charged was a single offense and the evidence of his guilt was overwhelming. In addition, we view the terms health, safety, business, financial condition, and personal relationships to be so interrelated that it was proper for the trial court to include all these terms in the instructions.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied January 27, 1981.

Review denied by Supreme Court April 23, 1981.