# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51630-6-II |
| Respondent, | consolidated with |
| v. | |
| BRADLEY LEWIS REYNOLDS, | |
| Appellant. | |
| In the Matter of the Personal Restraint Petition of | No. 52376-1-II |
| BRADLEY LEWIS REYNOLDS, | PUBLISHED OPINION |
| Petitioner. | |

MAXA, C.J – In a consolidated appeal and personal restraint petition (PRP), Bradley

Reynolds challenges his conviction for failure to register as a sex offender.

In Washington, a person convicted of a "sex offense" is required to register as a sex

offender. RCW 9A.44.128(10)(h) defines "sex offense" to include "an offense for which [a]

person would be required to register as a sex offender while residing in the state of conviction."

In 1990, Reynolds was convicted of third degree rape in Oregon. Under Oregon law in effect at

that time, that conviction required Reynolds to register as a sex offender in Oregon. Therefore,

Reynolds was required to register as a sex offender in Washington based on the definition in

RCW 9A.44.128(10)(h).

Reynolds argues that RCW 9A.44.128(10)(h) is unconstitutional based on the recent decision of Division One of this court in *State v. Batson*, 9 Wn. App. 2d 546, 550-54, 447 P.3d 202, *review granted*, 194 Wn.2d 1009 (2019). The court in *Batson* held that RCW 9A.44.128(10)(h) is an unconstitutional delegation of the legislative function because it allows another state's legislature to define an element of the crime of failure to register as a sex offender. *Id.* at 553. We agree with the holding in *Batson*. Accordingly, we reverse and vacate Reynolds's conviction.[1]

## FACTS

In 1990, Reynolds was convicted of third degree rape in Oregon. Third degree rape is a felony sexual offense in Oregon, ORS § 163.355, for which registration as a sex offender is required. ORS §§ 163A.010, 163A.015. At some point, Reynolds moved to Washington. He subsequently was convicted of failure to register as a sex offender in Washington in 2005, 2008, 2014, and July 2017.

In January 2018, Reynolds again was convicted of failure to register as a sex offender. He appealed his conviction. Later, Reynolds also filed a timely PRP. This court consolidated Reynolds's PRP with his direct appeal.

## ANALYSIS

RCW 9A.44.128(10)(h) defines "sex offense" for purposes of sex offender registration to include "[a]ny out-of-state conviction for an offense for which the person

---

[1] Reynolds argues in the alternative that the State did not present sufficient evidence to prove that he was required to register in Oregon because the Oregon court failed to notify him at sentencing of his duty to register as a sex offender. He also argues in his PRP that the trial court erred in failing to analyze whether his 1990 Oregon conviction was comparable to a Washington offense. Because of our holding, we do not address these issues.

2

would be required to register as a sex offender while residing in the state of conviction."[2]

Reynolds argues that this provision is an unconstitutional delegation of legislative function.

We agree.

A.      LEGAL PRINCIPLES

We review a statute's constitutionality de novo. *State v. Bassett*, 192 Wn.2d 67, 77,

428 P.3d 343 (2018). Statutes are presumed constitutional, and a defendant challenging the

statute "has the burden to prove otherwise beyond a reasonable doubt." *Id.*

Article II, section 1 of the Washington Constitution vests legislative powers in the

state legislature. Therefore, it is unconstitutional for the legislature to "abdicate or transfer

its legislative function to others." *Brower v. State*, 137 Wn.2d 44, 54, 969 P.2d 42 (1998).

One of the legislature's functions is to define the elements of crimes under Washington

law. *See State v. Torres Ramos*, 149 Wn. App. 266, 276, 202 P.3d 383 (2009). The legislature

cannot delegate to another entity the ability to determine what constitutes a crime in Washington.

*See State v. Dougall*, 89 Wn.2d 118, 122-23, 570 P.2d 135 (1977).

These principles are implicated when the legislature refers to the laws of another state or

the federal government in defining a crime. In *Dougall*, the court invalidated a statue providing

that a drug would become a controlled substance under Washington law once that drug was

designated as a controlled substance under federal law. *Id.* at 120, 123. The court stated, "While

the legislature may enact statutes which adopt *existing* federal rules, regulations, or statutes,

legislation which attempts to adopt or acquiesce in *future* federal rules, regulations, or statutes is

---

[2] RCW 9A.44.128(10)(h) also states that a "sex offense" includes an out-of-state conviction for "an offense that under the laws of this state would be classified as a sex offense under this subsection." This provision is inapplicable here because the State does not argue that an Oregon conviction of third degree rape is comparable to a Washington "sex offense."

an unconstitutional delegation of legislative power and thus void." *Id.* at 122-23. The statute in that case was unconstitutional because it allowed a future federal designation to determine the law in Washington. *Id.* at 123.

Conversely, the legislature acts within its authority when it conditions "the operative effect of a statute upon the happening of a future *specified* event." *Diversified Inv. P'ship v. Dep't of Soc. & Health Servs.*, 113 Wn.2d 19, 28, 775 P.2d 947 (1989) (emphasis added). In that situation the legislature itself is determining the event that will trigger operation of the statute. *Id.* at 28-29.

B.      *BATSON* DECISION

In *Batson*, Arizona law required Batson to register as a sex offender in Arizona based on a conviction in that state. 9 Wn. App. 2d at 547-48. After he moved to Washington, Batson was required to register as a sex offender in Washington based on his duty to register in Arizona under the definition of "sex offense" in RCW 9A.44.128(10)(h). *Id.* at 549. Batson was convicted of failing to register in Washington. *Id.* The court noted that the duty to register was an element of Batson's crime and the only way the State could establish that element was to show that Batson would be required to register in Arizona if he lived in that state. *Id.* at 552.

Division One emphasized that RCW 9A.44.128(10)(h) focuses not on what Arizona law provided at a fixed point in the past, but on what Arizona law may provide at some time in the future. *Id.* The court stated,

> Batson's duty to register in [Washington] is thus completely dependent on whether the Arizona Legislature retains or removes his crime of conviction on its list of registrable crimes. If the Arizona Legislature eliminates Batson's crime of conviction from this list, any duty to register in Washington evaporates. If, however, the Arizona Legislature then reinstates the registration requirement, Batson's duty under Washington law would be resuscitated. As in *Dougall*, the sex

4

offender registration statute permits future Arizona law to define an element of the crime.

*Id.*

The court concluded that RCW 9A.44.128(10)(h) was unconstitutional because "it transfers to Arizona the power to define whether Batson has an ongoing duty to register in Washington." *Id.* at 553. Batson's obligation to register as a sex offender "depends entirely on Arizona law at any given point in the future." *Id.* The court invalidated RCW 9A.44.128(10)(h) to the extent it imposes a duty to register based on an out-of-state conviction that would not be classified as a sex offense under Washington law. *Id.* at 553-54.

C.      ANALYSIS

We agree with the analysis in *Batson*. As the court stated in *Dougall*, the legislature may adopt existing laws from other jurisdictions. 89 Wn.2d at 122. But RCW 9A.44.128(10)(h) does not define "sex offense" based on the law of another state as it existed at some fixed time in the past. Instead, the definition of "sex offense" in RCW 9A.44.128(10)(h) depends on the law of another state that may change in the future. If the legislature of a person's state of conviction decides that the conviction requires sex offender registration in that state, the person can be convicted of failure to register in Washington. But if the legislature of a person's state of conviction subsequently decides that the conviction does not require sex offender registration in that state, the person cannot be convicted of failure to register in Washington.

The language of RCW 9A.44.128(10)(h) itself contemplates an obligation that may change over time. Whether an offense is a sex offense depends on whether a person "*would be* required to register as a sex offender while residing in the state of conviction." RCW 9A.44.128(10)(h) (emphasis added).

5

In addition, it is significant that registration as a sex offender is an ongoing obligation. If a person was required to register only one time, defining "sex offense" in reference to the applicable law at that time may constitute the adoption of existing law that *Dougall* stated was permissible. 89 Wn.2d at 122. But because a sex offender's obligation to register is ongoing, RCW 9A.44.128(10)(h) allows that obligation to be determined by laws that may change in the future.

Here, Oregon law required Reynolds to register as a sex offender in Oregon because of his third degree rape conviction. Under RCW 9A.44.128(10)(h), that meant that he was a "sex offender" and was required to register in Washington. But if Oregon law changed and third degree rape no longer required registration as a sex offender, Reynolds no longer would be required to register in Washington. And if Oregon law changed yet again to require registration, Reynolds once again would be required to register. In other words, Reynolds's ongoing obligation to register in Washington is "completely dependent" on whether the Oregon legislature "retains or removes his crime of conviction on its list of registrable crimes." *Batson*, 9 Wn. App. 2d at 552.

Oregon has not changed the sex offender registration requirement for third degree rape since Reynolds's conviction, but that fact does not save the constitutionality of the statute. Just because Oregon has not *exercised* its delegated ability to determine when Reynolds is obligated to register in Washington does not mean that no delegation occurred.

The legislature has delegated its authority to the Oregon legislature to determine at some point in the future whether people like Reynolds can be convicted of a Washington crime. This is

6

an unconstitutional delegation of the Washington legislature's authority to define what constitutes a crime in Washington.[3]

The State argues that RCW 9A.44.128(10)(h) simply represents an acknowledgement that Washington will honor the laws of other states. The State analogizes RCW 9A.44.128(10)(h) to RCW 46.20.342(1)(c)(v), which makes it unlawful for a person to drive when that person's license has been suspended in another state, even when that suspension is based on an out-of-state offense that would not be grounds for suspension if committed in Washington. The State also analogizes RCW 9A.44.128(10)(h) to RCW 9.94A.525(3), which provides that out-of-state and federal convictions should be classified according to the comparable Washington offense for purposes of determining offender scores.

However, these statutes involve a one-time suspension of a driver's license or a one-time computation of an offender score based on an out-of-state or federal offense under existing laws. As noted above, sex offender registration is an *ongoing* obligation. This ongoing obligation is contingent on the *future* laws of another state.[4]

We hold that RCW 9A.44.128(10)(h) contains a delegation of the legislative function in violation of article II, section 1 to the extent that the statute imposes a duty to register based solely on an out-of-state conviction for an offense (1) for which the person would be required to register as a sex offender under the current law of that state and (2) that would not be classified

---

[3] We agree with the dissent that the definition of "sex offense" technically is not an element of the crime of failing to register as a sex offender. But because the commission of a "sex offense" is an element, the meaning of "sex offense" necessarily defines the element.

[4] We emphasize that our delegation analysis is limited to the application of RCW 9A.44.128(10)(h) to establish an element of the offense of failure to register as a sex offender. We express no opinion regarding the constitutionality of other statutes applicable in other contexts.

as a sex offense under the other provisions of RCW 9A.44.128(10). Accordingly, Reynolds's conviction based on that unconstitutional provision must be reversed.

CONCLUSION

We reverse and vacate Reynolds's conviction of failure to register as a sex offender.

_____
MAXA, C.J.

I concur:

_____
GLASGOW, J.

MELNICK, J. (dissent) — I respectfully dissent from the majority's opinion. First, the majority incorrectly decides that the definition of the term "sex offender" is an element of the crime. Because the term "sex offender" is a definition, there is no unlawful legislative delegation. Second, as applied to Bradley Reynolds, the statutory provision at issue is valid.

Based on a 1990 Oregon conviction for rape in the third degree,[5] Reynolds was required to register as a sex offender. ORS §§ 163A.010 and .015. He has never been relieved of that duty. Reynolds subsequently moved to Washington and, from 2005–17, he had four convictions for failing to register as a sex offender in violation of RCW 9A.44.130. In January 2018, the State once again charged Reynolds for failing to register as a sex offender. He was convicted.

The majority now reverses Reynolds fifth and latest conviction for failing to register. It does so on the basis that the Washington Legislature violated the rule of completeness and unconstitutionally and improperly delegated its legislative function to another state's legislature. The majority arrives at this conclusion because it believes the definition of "sex offense" contained in RCW 9A.44.128(10)(h) "allows another state's legislature to define an element of the crime of failure to register as a sex offender." Majority at 2.

This conclusion rests on a false premise. The definition of "sex offense" is not an element of the crime of failure to register.[6] It is a definition of an element. There is no improper delegation. There is no violation of the rule of completeness.

---

[5] ORS § 163.355.

[6] The majority opinion recognizes that the definition of a sex offense is not "technically" an element of the crime. Majority at 7 n.3. Although it acknowledges this error, its entire analysis is based on the legislature unlawfully delegating to another state the authority to state what elements constitute the crime of failing to register. I do not know what the majority means by its use of "technically" in the footnote. The definition of "sex offense" is not an element and the majority provides no support to the contrary.

ANALYSIS

Statutes are presumed constitutional. *State v. Watson*, 160 Wn.2d 1, 10, 154 P.3d 909 (2007). "'[T]he presumption in favor of a law's constitutionality should be overcome only in exceptional cases.'" *Watson*, 160 Wn.2d at 11 (quoting *City of Seattle v. Eze*, 111 Wn.2d 22, 28, 759 P.2d 366 (1988)). A person challenging the constitutionality of a statute has the burden to prove its unconstitutionality beyond a reasonable doubt. *State v. Bassett*, 192 Wn.2d 67, 77, 428 P.3d 343 (2018).

*State v. Batson*, 9 Wn. App. 2d 546, 550, 447 P.3d 202 (internal quotation marks omitted) (quoting *Brower v. State*, 137 Wn.2d 44, 54, 969 P.2d 42 (1998)), *review granted*, 452 P.3d 1225 (2019), explained the rule of completeness:

> Article II, section 1 of the Washington State Constitution vests all legislative powers in our state senate and house of representatives. It is unconstitutional for the Legislature to "abdicate or transfer its legislative function to others." This legislative duty requires that all statutes be complete when they leave the Legislature. To meet the rule of completeness, the Legislature must define all elements of any crime and may not transfer that legislative function to others.

The Washington Legislature has defined all of the elements of failing to register. They are as follows: (1) Reynolds was convicted of a felony sex offense; (2) Because of the conviction, Reynolds was required to register in the State of Washington; (3) Reynolds failed to comply with a requirement of sex registration. RCW 9A.44.130; 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 49C.02, at 1078 (4th ed. 2011).

The definition of "sex offense" is in a wholly separate section of chapter 9A.44 RCW. It is not an element of the crime, but it is a definition clarifying the meaning of an element. RCW 9A.44.128(10)(h). Definitions of crimes are not elements. *State v. Allen*, 176 Wn.2d 611, 229-30, 294 P.3d 679 (2013).

10

It is well settled that "to convict" instructions must contain all elements of the charged crime. *State v. Lorenz*, 152 Wn. 2d 22, 31-32, 93 P.3d 133 (2004) (definitional term "sexual gratification" not an element but clarification of the element "sexual contact"). However, definitional terms that clarify the meaning of an element are not elements of the crime. *Lorenz*, 152 Wn.2d at 36; *Allen*, 176 Wn.2d at 629-30.

In *State v. Smith*, 159 Wn.2d 778, 785-86, 154 P.3d 873 (2007), the court concluded that the common law definitions of assault did not create alternative means of committing the crime because they were not elements of the crime. Rather, they "merely elaborate upon and clarify the terms 'assault' or 'assaults'" as used throughout chapter 9A.36 RCW. *Smith*, 159 Wn.2d at 786. They are definitions, not elements.

In *State v. Laico*, 97 Wn. App. 759, 764, 987 P.2d 638 (1999), we concluded that "the definition of 'great bodily harm' [did] not add elements to the first degree assault statute, but rather [was] intended to provide understanding." Similarly, in *State v. Marko*, 107 Wn. App. 215, 219-20, 27 P.3d 228 (2001), we decided that defining the term "threat" did not create additional elements to the crime of intimidating a witness.

In the present case, the majority relies on *Batson*'s determination that the definition of "sex offense" permits future Arizona law to define an element of the crime. However, this language conflates two distinct concepts. It combines elements of crimes with definitions and does not recognize their distinguishing characteristics. Here, Washington is not allowing Arizona, or any other jurisdiction, to define the elements of the crime of failure to register. Rather, it is defining when Washington's failure to register statute applies to a particular individual residing in this state.

In addition, it must be remembered that not all delegations by the legislature are unconstitutional. It must be remembered that the legislature has never defined the term "assault."

11

*State v. Chavez*, 163 Wn.2d 262, 273, 180 P.3d 1250 (2008).  Rather it has acquiesced to the courts, which are the source of the common law, to define the term.  *Chavez*, 163 Wn.2d at 274.  But, "[t]he Legislature has an established practice of defining prohibited acts in general terms, leaving to the judicial and executive branches the task of establishing specifics."  *State v. Wadsworth*, 139 Wn.2d 724, 743, 991 P.2d 80 (2000) (local judiciary could designate areas weapons prohibited).  This type of action is not an unconstitutional legislative delegation.

The majority's reliance on *State v. Dougall*, 89 Wn.2d 118, 570 P.2d 135 (1977), is also misplaced.  There, the Federal Register published an order designating diazepam (valium) as a controlled substance under federal law.  The defendant challenged the statute[7] that authorized a substance to be designated or rescheduled merely by publishing it in the Federal Register and having the Washington State Board of Pharmacy acquiesce to it.  The court concluded this procedure provided insufficient notice of the proscribed conduct.  *Dougall*, 89 Wn.2d at 120.  In a short secondary holding, it stated that allowing the "future federal designation, rescheduling or deletion of controlled substances in the Federal Register to become controlled or deleted substances under the Uniform Controlled Substances Act by means of Board inaction or acquiescence" constituted an unconstitutional delegation of legislative authority.  *Dougall*, 89 Wn.2d at 123.

However, we should bear in mind that the identity of a controlled substance is an element of the crime of possession.  *State v. Sibert*, 168 Wn.2d 306, 311, 318, 230 P.3d 142 (2010) (plurality opinion, but eight justices agreed on this point); *State v. Gonzalez*, 2 Wn. App. 2d 96, 106, 408 P.3d 743, *review denied*, 190 Wn.2d 1021 (2018).  On the other hand, the definition of "sex offense" is not an element.  When the legislature delegates to another body the authority to

---

[7] Former RCW 69.50.201(d) (1998).

define the elements of a crime, it is illegal. However, because the identity of the controlled substance is an element of the crime, *Dougall* is clearly distinguishable from the present situation.

If the majority is correct, it must be remembered that at all times relevant to this case, Reynolds was required to register as a sex offender. At no time did his status as a sex offender change. As applied to him, there is no error.

Statutes may be facially unconstitutional or they may be unconstitutional as applied. To successfully make a facial challenge, a defendant must show that no circumstances exist in which the statute, as currently written, can be constitutionally applied. *City of Redmond v. Moore*, 151 Wn.2d 664, 668-69, 91 P.3d 875 (2004). "The remedy for holding a statute facially unconstitutional is to render the statute totally inoperative." *Moore*, 151 Wn.2d at 669.

"An as-applied challenge to the constitutional validity of a statute is characterized by a party's allegation that application of the statute in the specific context of the party's actions or intended actions is unconstitutional." *Moore*, 151 Wn.2d at 668-69. "Holding a statute unconstitutional as-applied prohibits future application of the statute in a similar context, but the statute is not totally invalidated." *Moore*, 151 Wn.2d at 669.

In this case, the majority completely invalidates a provision of the statute that defines "sex offense." However, I believe that as applied to Reynolds, the statutory provision at issue is valid.

As pointed out by the majority, Oregon has not changed the sex offender registration requirement for third degree rape since Reynold's original conviction for the crime. Therefore, assuming the majority is correct in its ruling on the rule of completeness, as applied to Reynolds, there is no unconstitutional infirmity.

Reynolds has not met his burden to prove beyond a reasonable doubt that the legislature unconstitutionally delegated its authority. He has also failed to prove beyond a reasonable doubt

13

that, as applied to him, the definition of "sex offense" is unconstitutional. Therefore, I would affirm Reynolds conviction for failing to register.

_____
Melnick, J.